**LOEVY + LOEVY**  Ethan Woodward <ethan@loevy.com>

## Flores - notice of depositions

**Ruth Brown** <ruth@loevy.com>  Tue, Sep 5, 2023 at 3:48 PM
To: "Catherine M. Barber" <cbarber@rfclaw.com>, "Theresa B. Carney" <tcarney@rfclaw.com>, Lauren Ferrise <lferrise@rfclaw.com>, Austin Rahe <arahe@rfclaw.com>, "Eileen E. Rosen" <erosen@rfclaw.com>, Jessica Zehner <jzehner@rfclaw.com>, Andrew Grill <agrill@rfclaw.com>, Kara Hutson <khutson@rfclaw.com>, "David A. Brueggen (DBrueggen@jsotoslaw.com)" <dbrueggen@jsotoslaw.com>, "Kyle T. Christie" <kchristie@jsotoslaw.com>, Josh Engquist <Jengquist@jsotoslaw.com>, "Maurice C. Hunt" <mhunt@jsotoslaw.com>, Jim Sotos <jsotos@jsotoslaw.com>, Tonet Ballard <TBallard@jsotoslaw.com>, Graham Miller <gmiller@borkanscahill.com>, Steven Borkan <sborkan@borkanscahill.com>, Misha Itchhaporia <mitchhaporia@borkanscahill.com>, "tscahill@BorkanScahill.com" <tscahill@borkanscahill.com>, Emily Schnidt <eschnidt@borkanscahill.com>, Whitney Hutchinson <whutchinson@borkanscahill.com>, Molly Boekeloo <mboekeloo@borkanscahill.com>, Carla Agbiro <agbiro@loevy.com>, Russell Ainsworth <Russell@loevy.com>, Ruth Brown <ruth@loevy.com>, Lauren Carbajal <carbajal@loevy.com>, Jon Loevy <jon@loevy.com>, Ethan Woodward <ethan@loevy.com>, Lauren Lebata <lauren@loevy.com>, Bethan Gee <gee@loevy.com>

Counsel:

Please see the attached notices, and let us know if the noticed dates are inconvenient for defense counsel. If so, please provide alternate dates that work for Defendants.

--
Ruth Brown
Loevy & Loevy
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
She/her
ruth@loevy.com

📄 **2023.09.05 NoD Tony Valdez, Kathleen Cody (Flores).pdf**
135K

**Exhibit 2 at 001**

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHNNY FLORES, | ) |
| *Plaintiff,* | ) Case No. 1:23-cv-01736 ) |
| v. | ) Hon. John J. Tharp, Jr. ) |
| REYNALDO GUEVARA, et al., | ) Magistrate Jeffrey Cole ) |
| *Defendants.* | ) **JURY TRIAL DEMANDED** ) |

**NOTICE OF DEPOSITIONS**

To: Counsel of Record

PLEASE TAKE NOTICE THAT the following depositions will be taken before a Notary Public and stenographer in and for the State of Illinois on the date, time, and location listed below. Please also take notice that these depositions will be recorded via Zoom Video Teleconference. To counsel of record for the deponent, this is a demand that you produce the deponent at the date and time listed.

| | | | |
|---|---|---|---|
| Tony Valdez | November 18, 2023 | 9:00 a.m. (CDT) | *LOEVY & LOEVY 311 N. Aberdeen St. 3rd Floor Chicago, IL 60607 |
| Kathelin/Kathleen Cody | November 20, 2023 | 9:00 a.m. (CDT) | *LOEVY & LOEVY 311 N. Aberdeen St. 3rd Floor Chicago, IL 60607 |

*Zoom link to be provided prior to depositions.

Respectfully submitted,

**JOHNNY FLORES**

BY: /s/ Ruth Brown
 *One of Plaintiff's Attorneys*

**Exhibit 2 at 002**

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| Johnny Flores | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:23-cv-1736 |
| Reynaldo Guevara, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Juan Antonio "Tony" Valdez

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Loevy & Loevy<br>311 N. Aberdeen St. 3rd Floor<br>Chicago, IL | Date and Time:<br>11/22/2023 9:00 am |
|---|---|

The deposition will be recorded by this method: Court Reporter, Zoom Teleconference

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/06/2023

*CLERK OF COURT*

OR

_____    /s/Ruth Brown
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Johnny Flores , who issues or requests this subpoena, are:
Ruth Brown, LOEVY & LOEVY, 311 N. Aberdeen St., 3rd Flr, Chicago, IL 60607, 312-243-5900, ruth@loevy.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Exhibit 2 at 003**

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:23-cv-1736

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Exhibit 2 at 004**

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit 2 at 005

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:23-cv-1736

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Juan Antonio Valdez
on *(date)* 9/6/23 .

☒ I served the subpoena by delivering a copy to the named individual as follows: accepted by his wife Yuri at his home at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Indiana on *(date)* 9/20/23 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ 47.51 .

My fees are $ ∅ for travel and $ ∅ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 9/26/23

_____
Server's signature

Oscar Gomez   Investigator
Printed name and title

311 N. Aberdeen Chicago IL. 60607
Server's address

Additional information regarding attempted service, etc.:

Exhibit 2 at 006

**LOEVY + LOEVY**   Ethan Woodward <ethan@loevy.com>

## Flores - notice of deposition

**Ruth Brown** <ruth@loevy.com>   Tue, Sep 19, 2023 at 3:10 PM
To: "Catherine M. Barber" <cbarber@rfclaw.com>, "Theresa B. Carney" <tcarney@rfclaw.com>, Lauren Ferrise <lferrise@rfclaw.com>, Austin Rahe <arahe@rfclaw.com>, "Eileen E. Rosen" <erosen@rfclaw.com>, Jessica Zehner <jzehner@rfclaw.com>, Andrew Grill <agrill@rfclaw.com>, Kara Hutson <khutson@rfclaw.com>, "David A. Brueggen (DBrueggen@jsotoslaw.com)" <dbrueggen@jsotoslaw.com>, "Kyle T. Christie" <kchristie@jsotoslaw.com>, Josh Engquist <Jengquist@jsotoslaw.com>, "Maurice C. Hunt" <mhunt@jsotoslaw.com>, Jim Sotos <jsotos@jsotoslaw.com>, Tonet Ballard <TBallard@jsotoslaw.com>, Graham Miller <gmiller@borkanscahill.com>, Steven Borkan <sborkan@borkanscahill.com>, Misha Itchhaporia <mitchhaporia@borkanscahill.com>, "tscahill@BorkanScahill.com" <tscahill@borkanscahill.com>, Emily Schnidt <eschnidt@borkanscahill.com>, Whitney Hutchinson <whutchinson@borkanscahill.com>, Molly Boekeloo <mboekeloo@borkanscahill.com>, Carla Agbiro <agbiro@loevy.com>, Russell Ainsworth <Russell@loevy.com>, Ruth Brown <ruth@loevy.com>, Lauren Carbajal <carbajal@loevy.com>, Jon Loevy <jon@loevy.com>, Ethan Woodward <ethan@loevy.com>, Bethan Gee <gee@loevy.com>, Arthur@loevy.com

Counsel:

Please see the attached deposition notice, deposition subpoena, and proof of service. Please let us know if the noticed date is inconvenient for any defense counsel, and if so, suggest alternative dates on which you are available. Otherwise, we will understand that you are available on the noticed date.

We note that it appears that Defendants' Rule 26(a)(1) disclosures were not up to date with their knowledge as to contact information for this witness. Plaintiff made exhaustive efforts to serve Mr. Thurmond prior to that date, and was only able to do so after Defendants finally disclosed their knowledge of his address in an unserved notice of deposition on August 28.

Defendants have also improperly redacted Mr. Thurmond's personal identifying info, such as his birthdate from documents in the case - on that note, we reiterate our prior, unanswered request for unredacted copies of the investigative and permanent retention file so that Defendants do not maintain an asymmetrical information advantage to information required to locate witnesses in the case.

Thank you for your attention to these matters,
Ruth

--
Ruth Brown
Loevy & Loevy
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
She/her
ruth@loevy.com

📄 **2023.09.19 Nod Thurmond (w PoS) (1).pdf**
634K

**Exhibit 2 at 007**

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY FLORES, | ) | |
| | ) | Case No. 1:23-cv-01736 |
| *Plaintiff,* | ) | |
| | ) | Hon. John J. Tharp, Jr. |
| v. | ) | |
| | ) | Magistrate Jeffrey Cole |
| REYNALDO GUEVARA, et al., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| *Defendants.* | ) | |

### NOTICE OF DEPOSITION

To: Counsel of Record

    PLEASE TAKE NOTICE THAT the following deposition will be taken before a Notary Public and stenographer in and for the State of Illinois on the date, time, and location listed below. Please also take notice that these deposition will be recorded via Zoom Video Teleconference. To counsel of record for the deponent, this is a demand that you produce the deponent at the date and time listed.

| Scott Thurmond | October 3, 2023 | 10:00 a.m. (CDT) | *Kempfer Court Reporting<br>5125 6th Ave.<br>Kenosha, WI 53140 |
|---|---|---|---|

*Zoom link to be provided prior to depositions.

                                            Respectfully submitted,

                                            **JOHNNY FLORES**

                       BY:    /s/ Ruth Brown
                                   *One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Russell Ainsworth
Ruth Z. Brown
Lauren Carbajal
Carla Agbiro

**Exhibit 2 at 008**

LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

      I, Ruth Brown, an attorney, certify that on September 19, 2023, I served the foregoing Notice of Deposition to all counsel of record via electronic mail.

                                        /s/ Ruth Brown
                                        Ruth Brown
                                        *One of Plaintiff's attorneys*

Exhibit 2 at 009

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| Johnny Flores | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:23-cv-1736 |
| Reynaldo Guevara, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Scott Thurmond
    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ WI ▓▓▓▓▓

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Kempfer Court Reporting<br>5125 6th Ave, Kenosha, WI 53140 | Date and Time:<br>10/03/2023 10:00 am |
|---|---|

The deposition will be recorded by this method: Court Reporter, Zoom Video Recording

❏ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/28/2023

*CLERK OF COURT*                                    OR                        /s/Ruth Brown

Signature of Clerk or Deputy Clerk                                    Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Johnny Flores , who issues or requests this subpoena, are:
Loevy & Loevy, Ruth Brown, 311 N Aberdeen St, 3rd Fl, Chicago, IL 60607, 312-243-5900, ruth@loevy.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Exhibit 2 at 010**

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:23-cv-1736

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Scott Thurmond
on *(date)* 09/13/2023 .

☑ I served the subpoena by delivering a copy to the named individual as follows:

Served at ▮▮▮▮▮▮▮▮▮▮ WI ▮▮▮▮ c/o his brother Steve Thormond

on *(date)* 09/13/2023 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 41.57 .

My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 09/13/2023

/s/ Mort Smith
*Server's signature*

Mort Smith, Investigator
*Printed name and title*

Law Offices of Loevy and Loevy
311 N. Aberdeen Street, 3rd floor
Chicago, IL 60607
*Server's address*

Additional information regarding attempted service, etc.:

**Exhibit 2 at 011**

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit 2 at 012

          Ethan Woodward <ethan@loevy.com>

### Flores - notice of deposition

**Ruth Brown** <ruth@loevy.com>      Mon, Oct 2, 2023 at 9:00 PM
To: Tim Scahill <tscahill@borkanscahill.com>
Cc: "Catherine M. Barber" <cbarber@rfclaw.com>, "Theresa B. Carney" <tcarney@rfclaw.com>, Lauren Ferrise <lferrise@rfclaw.com>, Austin Rahe <arahe@rfclaw.com>, "Eileen E. Rosen" <erosen@rfclaw.com>, Jessica Zehner <jzehner@rfclaw.com>, Andrew Grill <agrill@rfclaw.com>, Kara Hutson <khutson@rfclaw.com>, "David A. Brueggen (DBrueggen@jsotoslaw.com)" <dbrueggen@jsotoslaw.com>, "Kyle T. Christie" <kchristie@jsotoslaw.com>, Josh Engquist <Jengquist@jsotoslaw.com>, "Maurice C. Hunt" <mhunt@jsotoslaw.com>, Jim Sotos <jsotos@jsotoslaw.com>, Tonet Ballard <TBallard@jsotoslaw.com>, Graham Miller <GMiller@borkanscahill.com>, Steven Borkan <sborkan@borkanscahill.com>, Misha Itchhaporia <MItchhaporia@borkanscahill.com>, Emily Schnidt <eschnidt@borkanscahill.com>, Whitney Hutchinson <WHutchinson@borkanscahill.com>, Molly Boekeloo <MBoekeloo@borkanscahill.com>, Carla Agbiro <agbiro@loevy.com>, Russell Ainsworth <Russell@loevy.com>, Lauren Carbajal <carbajal@loevy.com>, Jon Loevy <jon@loevy.com>, Ethan Woodward <ethan@loevy.com>, Bethan Gee <gee@loevy.com>, "Arthur@loevy.com" <Arthur@loevy.com>

Counsel:

As previously advised on September 28, Plaintiff has agreed to reschedule Mr. Thurmond's deposition from October 3 pursuant to Defendants' request to confer globally on depositions. To that end, please find an amended deposition notice for Mr. Thurmond's deposition on October 30. Let us know if the new date is not convenient for you. We will work to confirm the new date with Mr. Thurmond as well.

We maintain that Plaintiff is entitled to priority to question Mr. Thurmond first for myriad reasons discussed previously in our September 19 and September 12 correspondence--including but not limited to that Plaintiff attempted service first on Mr. Thurmond, Defendants withheld Mr. Thurmond's contact information from Plaintiff, Plaintiff timely served Mr. Thurmond, Defendants themselves have taken the position in this litigation that first notice does not dictate deposition questioning order and themselves refused to agree that first notice governs deposition order, and Mr. Thurmond is adverse to Plaintiff. Thus, there is good cause for the Court to find that Plaintiff should proceed with his questioning first.

If you disagree, kindly provide by Thursday the legal basis for why Defendants believe they should get to question Mr. Thurmond first at a deposition so that we can consider it.

This is also our third request for Defendants to provide any proof of service of a deposition subpoena on Mr. Thurmond, as well as any other proofs of service not yet provided.

In addition, this is our third request (at least) for Defendants to provide unredacted copies of the investigative and permanent retention file so that Defendants do not maintain an asymmetrical information advantage to information (such as Mr. Thurmond's date of birth) required to locate witnesses in the case and litigate the case.

We look forward to your anticipated cooperation.

Ruth

On Wed, Sep 27, 2023 at 9:11 AM Tim Scahill <tscahill@borkanscahill.com> wrote:
[Quoted text hidden]
[Quoted text hidden]

---

📄 **2023.10.02 Amended NoD Thurmond (Flores).pdf**
136K

Exhibit 2 at 013