IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHNNY FLORES, | ) |
| | ) Case No. 1:23-cv-01736 |
| *Plaintiff*, | ) |
| | ) Hon. John J. Tharp, Jr. |
| v. | ) |
| | ) Magistrate Jeffrey Cole |
| REYNALDO GUEVARA, et al., | ) |
| | ) **JURY TRIAL DEMANDED** |
| *Defendants.* | ) |
| | ) |
| | ) |

## HIPAA AND MENTAL HEALTH PROTECTIVE ORDER

This matter having come to be heard for the Entry of an Agreed Qualified HIPAA and Mental Health Protective Order, due notice hereof having been given, and the Court being fully advised in the premises, the Motion for Qualified HIPAA and Mental Health Protective Order is GRANTED and the Court finds:

  A. During the course of this litigation, it may be necessary to produce, disclose, receive, obtain, subpoena, and transmit medical, mental health, and drug and alcohol treatment/rehabilitation information of Plaintiff **Johnny Flores**.

  B. Good cause exists for the entry of a HIPAA and MHDDCA Protective Order for **Johnny Flores**'s medical, mental health, and drug and alcohol treatment/rehabilitation information to prevent the unauthorized disclosures, control the receipt of, and direct the use of medical, mental health and drug and alcohol treatment/rehabilitation information during the course of this litigation.

  C. During the course of this litigation, it may be necessary to produce, disclose, receive, obtain, subpoena, and transmit medical and drug and alcohol treatment/rehabilitation information of **Jeffrey Rhodes,** for the period of November 22, 1989 until May 22, 1990 only, and **Scott Thurmond**, for the periods of November 1, 1988 until December 19, 1990 and January 1, 2019 until August 15, 2020 only.

  D. Good cause exists for the entry of a HIPAA Protective Order for **Jeffrey Rhodes's** and **Scott Thurmond's** medical and drug and alcohol treatment/rehabilitation information to prevent the unauthorized disclosures, control the receipt of, and direct the use of medical information during this litigation.

1

Accordingly, IT IS HEREBY ORDERED as follows:

(1) The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit medical information/"protected health information" (also referred to herein as "PHI"), mental health information, and drug and alcohol treatment/rehabilitation information pertaining to **Johnny Flores**, and (b) medical information/PHI and drug and alcohol treatment/rehabilitation information pertaining to **Jeffrey Rhodes** and **Scott Thurmond,** as protected by HIPAA ("Health Insurance Portability and Accountability Act of 1996 codified primarily at 18, 26 and 42 USC (2002)), the Illinois Mental Health and Developmental Disabilities and Confidentiality Act (740 ILCS 110/1 et seq.), and drug and alcohol treatment/rehabilitation confidentiality statutes, 20 ILCS 301/30-5; 42 USC 290dd-2; and 42 CFR Part 2 to the extent and subject to the conditions outlined herein.

(2) The following words and terms are defined for the purposes of this Qualified HIPAA and Mental Health Confidentiality Protective Order:

(a) "Medical Information" shall mean "protected health information" or "PHI" and shall have the same scope and definition as set forth in 45 CFR 160.103 and 164.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

(b) "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2000).

(c) Mental Health Information shall have the same scope and definition as set forth in 740 ILCS 110/2. Without limiting the generality of the foregoing, mental health information includes, but is not limited to, information obtained from "mental health services", including "confidential communications," "personal notes" and "records", relating to either, (a) the past, present or future mental health condition of an individual, (b) the provision of care and treatment to an individual, or (c) the payment for care provided to an individual, which identifies the mental health services or which reasonably could be expected to identify the mental health services.

(d) Drug and Alcohol Treatment/Rehabilitation Information shall have the same scope and definition as set forth in 20 ILCS 301/1-1 et seq.; 42 USC §§ 290aa- 290ll; and 42 CFR §§ 2.1-2.67.

(3) The Parties shall assist each other in the release of PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information by waiving all notice requirements that would otherwise be necessary under HIPAA, MHDDCA, and the Privacy Standards.

(4) All "covered entities" (as defined by 45 CFR 160.103) and "record custodians" (as defined by 740 ILCS 110/2) are hereby authorized to disclose PHI, mental health information, and drug and alcohol treatment/rehabilitation information pertaining to **Johnny Flores,** and the PHI and drug and alcohol treatment/rehabilitation information pertaining to **Jeffrey Rhodes** and **Scott Thurmond,** to all attorneys now of record in this matter or who may become of record in the future of this litigation.

(5) The parties and their attorneys shall be permitted to use the PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information (as allowed above) of **Johnny Flores**, and the PHI and drug and alcohol treatment/rehabilitation information pertaining to **Jeffrey Rhodes** and **Scott Thurmond**, in any manner that is reasonably connected with the above-captioned litigation. This includes disclosure to the parties, their attorneys of record, the attorneys' firm (i.e., attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

(6) Any documents that contain PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information obtained pursuant to this order shall be designated confidential subject to this HIPAA and Mental Health Protective Order and labeled "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." Documents labeled and disclosed pursuant to this order shall be kept confidential (except as allowed by this order), stored to maintain their confidentiality according to the Privacy Standards and MHDDCA, and not be disclosed in or attached to any publicly filed documents unless:

   a. The PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information has been redacted;
   b. The Plaintiff has agreed to the filing of such document; or
   c. The Court has ordered that the document can be publicly filed.

(7) Within 60 days of the conclusion of the litigation as to any Defendant (which shall be defined as the point at which final Orders disposing of the entire case as to any Defendant have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any Defendant), that Defendant and any person or entity no longer involved in the litigation who is in possession of PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information pertaining to **Johnny Flores**, **Jeffrey Rhodes** and/or **Scott Thurmond** (other than the person or entity that generated the PHI) shall destroy any and all copies of said PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information in their possession pursuant to the Privacy Standards and MHDDCA. This Order exempts from destruction such records that Cook County and its departments and separately elected officials are required to retain pursuant to the Illinois Local Records Act 50 ILCS 205 and other applicable laws and Cook County Ordinances.

(8) This Order shall not control or limit the use of PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information pertaining to **Johnny Flores**, **Jeffrey Rhodes,** and **Scott Thurmond** that comes into the possession of any party or any party's attorney from a source other than a "covered entity" (as that term is defined in 45 CFR 160.103) or from a "therapist" (as that term is defined in 740 ILCS 110/2).

      (9)    Nothing in this Order authorizes counsel to obtain PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or through attorney-client communications.

      (10)    Nothing in this protective order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege, overbreadth, or any other valid objection to discovery.

      (11)    Notice of all subpoenas for medical records or mental health information must be provided in accordance with Federal Rule of Civil Procedure 45 and any other applicable Federal Rules of Civil Procedure.

      (12)    This Order does not authorize any party to seal court filings or court proceedings. The Court will make a good cause determination for the filing under seal if and when a party seeks to file **Johnny Flores, Jeffrey Rhodes** or **Scott Thurmond** protected health information under seal.

Date: April 30, 2024

John J. Tharp, Jr.
United States District Judge