*Johnny Flores v. Reynaldo Guevara*
23 CV 01736

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHNNY FLORES, | ) | |
| | ) | Case No. 23 CV 01736 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Hon. John J. Tharp, Jr. |
| | ) | |
| vs. | ) | |
| | ) | Magistrate Jeffrey Cole |
| | ) | |
| FORMER DETECTIVE REYNALDO | ) | JURY DEMAND |
| GUEVARA, FORMER DETECTIVE ROLAND | ) | |
| PAULNTISKY, FORMER SERGEANT EDWARD | ) | |
| MINGEY, FORMER LIEUTENANT EDWARD | ) | |
| KIJOWSKI, THE CITY OF CHICAGO, and | ) | |
| UNKNOWN EMPLOYEES OF THE CITY OF | ) | |
| CHICAGO | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSES TO DEFENDANT ROLAND PAULNITSKY'S FIRST SET**
**OF INTERROGATORIES TO PLAINTIFF**

Plaintiff Johnny Flores, by his attorneys, pursuant to Rule 33 of the Federal Rules of Civil

Procedure, responds as follows to Defendant Paulnitsky's First Set of Interrogatories to Plaintiff:

**PRELIMINARY STATEMENT**

Plaintiff's investigation is ongoing as to all matters referenced in the objections and

responses below. Plaintiff's objections and responses are based upon, and necessarily limited by,

information now reasonably available to Plaintiff. Plaintiff specifically reserves all rights to revise,

correct, supplement, modify, or clarify the content of his objections and responses below, in

accordance with the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence.

Plaintiff construes Defendant's requests to seek information within his possession, custody,

or control, consistent with the requirements of the Federal Rules of Civil Procedure, and to not seek

information that is already in the possession, custody or control of Defendant, or that is obtainable

1

from public sources or court records, from a source more convenient or less burdensome than from Plaintiff, or from a source equally accessible to Plaintiff and Defendant.

Plaintiff objects to the interrogatories to the extent that they seek information that is protected by the attorney-client privilege, the work-product doctrine, the joint-prosecution, joint-defense or common-interest privilege, the psychotherapist-patient privilege, the marital communications privilege, or any other applicable law, regulation, privilege, immunity, or discovery protection, or that are otherwise protected by disclosure under the Federal Rules of Civil Procedure and/or Federal Rules of Evidence. In responding to these interrogatories, Plaintiff preserves all objections and intends to make no waiver with regard to any claim of privilege. Plaintiff reasonably interprets the instructions, definitions, and interrogatories to not seek information that is privileged, and therefore outside of the scope of discovery as defined by Federal Rule of Civil Procedure 26(b)(1), or protected as work product, which falls presumptively outside the scope of discovery as set forth in Federal Rule of Civil Procedure 26(b)(3)(A).

Plaintiff objects to the interrogatories to the extent that they purport to impose burdens or obligations on Plaintiff that are broader than, inconsistent with, not authorized under, or not reasonable pursuant to the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence. Plaintiff further reserves the right to assert additional objections which may become apparent in the course of this action, including those based on undue burden.

Plaintiff objects to the interrogatories as a whole and to each interrogatory contained therein, to the extent that they are compound and a violation of the applicable Rules, which limit Defendant's interrogatories, including all discrete subparts. Plaintiff objects to the interrogatories that exceed the permitted number of requests and/or include multiple questions on the basis that they should not be considered a single interrogatory under the applicable Rules. Plaintiff will construe each interrogatory that contains multiple questions as individual interrogatories, including

discrete subparts.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

**RESPONSES:**

1.      Identify, with specificity, what conduct you attribute to Defendant Roland Paulnitsky which you claim led to your arrest, prosecution, and conviction for the murder of Jeffrey Rhodes.

**ANSWER**: Plaintiff objects to this interrogatory because it is being propounded at the outset of discovery, before Plaintiff has had an opportunity to depose many of the relevant witnesses or received discovery responses from Defendants in this case. Contention interrogatories at the outset of litigation are inappropriate. *See, e.g.*, *In re Peregrine Fin. Grp. Customer Litig.*, 2015 WL 1344466, at *4 (N.D. Ill. Mar. 20, 2015) (citing *Ziemack v. Centel Corp.*, 1995 WL 729295, at *2 (N.D. Ill. Dec. 7, 1995)) ("The general policy is to defer contention Interrogatories until discovery is near an end, in order to promote efficiency and fairness."). Further, contention interrogatories should be circumscribed, rather than asking for the party to set forth their entire case. *See IBP, Inc. v. Mercantile Bank*, 179 F.R.D. 316, 321 (D.Kan.1998) ("To the extent [the requests] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome. An interrogatory may reasonably ask for the material or principal facts which support a contention."). Plaintiff further objects because the information relevant to this inquiry is principally in the possession, custody, and control of Defendants. In addition, Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and compound in its request for details as to all conduct of each Defendant that led to Plaintiff's arrest, Plaintiff's prosecution, and Plaintiff's conviction. Plaintiff refers Defendant to his Complaint, which contains a fulsome account of the allegations against Defendant Paulnitsky. Plaintiff

agrees to supplement his response at a time mutually agreed by the parties for the exchanges of responses to contention interrogatories, that follows the conduct of substantial discovery.

       2.     Identify, with specificity, what conduct you attribute to Defendant Edward Mingey which you claim led to your arrest, prosecution, and conviction for the murder of Jeffrey Rhodes.

**ANSWER**: Plaintiff objects to this interrogatory because it is being propounded at the outset of discovery, before Plaintiff has had an opportunity to depose many of the relevant witnesses or received discovery responses from Defendants in this case. Contention interrogatories at the outset of litigation are inappropriate. *See, e.g.*, *In re Peregrine Fin. Grp. Customer Litig.*, 2015 WL 1344466, at *4 (N.D. Ill. Mar. 20, 2015) (citing *Ziemack v. Centel Corp.*, 1995 WL 729295, at *2 (N.D. Ill. Dec. 7, 1995)) ("The general policy is to defer contention Interrogatories until discovery is near an end, in order to promote efficiency and fairness."). Further, contention interrogatories should be circumscribed, rather than asking for the party to set forth their entire case. *See IBP, Inc. v. Mercantile Bank*, 179 F.R.D. 316, 321 (D.Kan.1998) ("To the extent [the requests] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome. An interrogatory may reasonably ask for the material or principal facts which support a contention."). Plaintiff further objects because the information relevant to this inquiry is principally in the possession, custody, and control of Defendants. In addition, Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and compound in its request for details as to all conduct of each Defendant that led to Plaintiff's arrest, Plaintiff's prosecution, and Plaintiff's conviction. Plaintiff refers Defendant to his Complaint, which contains a fulsome account of the allegations against Defendant Mingey. Plaintiff agrees to supplement his response at a time mutually agreed by the parties for the exchanges

of responses to contention interrogatories, that follows the conduct of substantial discovery.

3.      Identify all persons, if any, you may call to testify against any named Defendant

police officer pursuant to Fed. R. Evid. 404(b), and for each person, identify:

       a) the person's name, last known address, and phone number;

       b) the nature of the claim or incident involving the person;

       c) the date of the alleged incident; and

       d) any witnesses, documents, or other evidence you possess, or are aware of, that corroborate the Defendant's involvement in the incident alleged by the person.

**ANSWER**: Plaintiff objects to this interrogatory to the extent it seeks information that is protected

by the work product privileges and/or attorney-client privilege (if Plaintiff's counsel represents any

of the Rule 404(b) witnesses), and to the extent that the interrogatory seeks information that will

come via expert testimony, making the request premature. Plaintiff further objects to this

interrogatory on grounds that it is premature because it is being propounded at the beginning of

discovery, and Plaintiff has not received complete responses to his discovery requests, including

his request for Complaint Register files documenting citizen allegations of misconduct by this

Defendant, and because depositions have not yet commenced. Thus, Plaintiff does not yet have

sufficient information to identify and investigate all such possible witnesses, or to limit his list.

Plaintiff objects further because information relevant to this inquiry is principally in the possession,

custody, or control of the Defendant Officers**.** Subject to and without waiving these objections,

please see Plaintiff's 26(a)(1) Initial Disclosures. Plaintiff's investigation into this matter continues

and he reserves the right to supplement or modify this answer as new information comes to light.

4.      With regard to your allegations in paragraphs 45 of your operative complaint that

"Defendants Mingey and Kijowski fabricated a story that unidentified people told them that the

crime was committed by Plaintiff," please identify with particularity all evidence known to you

at this time that supports this allegation and seasonably supplement this interrogatory if/when

you learn of more evidence.

**ANSWER**: Plaintiff objects that this interrogatory is premature; Plaintiff has not yet had the opportunity to depose Defendants or received discovery responses from Defendants in this case. Contention interrogatories at the outset of litigation are inappropriate. *See, e.g.*, *In re Peregrine Fin. Grp. Customer Litig.*, 2015 WL 1344466, at *4 (N.D. Ill. Mar. 20, 2015) (citing *Ziemack v. Centel Corp.*, 1995 WL 729295, at *2 (N.D. Ill. Dec. 7, 1995)) ("The general policy is to defer contention Interrogatories until discovery is near an end, in order to promote efficiency and fairness."). Plaintiff further objects because the information relevant to this inquiry is principally in the possession, custody, and control of Defendants. In addition, Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Subject to and without waiving these objections, Plaintiff incorporates his complaint that alleges in factual detail that Defendants fabricated testimony that falsely implicated Plaintiff in the Rhodes murder. Further answering, Plaintiff cannot possibly know at this early stage of litigation every piece of testimony that Defendants fabricated or the circumstances of how the fabrication occurred because this information is in Defendants' hands, Defendants have conspired to continue to suppress and destroy that they fabricated evidence, and discovery has only just begun. Plaintiff agrees to supplement his response at a time mutually agreed by the parties for the exchanges of responses to contention interrogatories, that follows the conduct of substantial discovery.

5.      With regard to your allegations in paragraphs 46 of your operative complaint that "they [Mingey, Kijowski and Paulntisky] decided to frame Mr. Flores for the Rhodes homicide" please identify with particularity all evidence known to you at this time that supports this allegation and seasonably supplement this interrogatory if/when you learn of more evidence.

**ANSWER**: Plaintiff objects that this interrogatory is premature; Plaintiff has not yet had the opportunity to depose Defendants or received discovery responses from Defendants in this case.

Contention interrogatories at the outset of litigation are inappropriate. *See, e.g.*, *In re Peregrine Fin. Grp. Customer Litig.*, 2015 WL 1344466, at *4 (N.D. Ill. Mar. 20, 2015) (citing *Ziemack v. Centel Corp.*, 1995 WL 729295, at *2 (N.D. Ill. Dec. 7, 1995)) ("The general policy is to defer contention Interrogatories until discovery is near an end, in order to promote efficiency and fairness."). Plaintiff further objects because the information relevant to this inquiry is principally in the possession, custody, and control of Defendants. In addition, Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Subject to and without waiving these objections, Plaintiff incorporates his complaint that alleges in factual detail that Defendants conspired to falsely implicate Plaintiff in the Rhodes murder. Further answering, Plaintiff cannot possibly know at this early stage of litigation every piece of evidence that comprised Defendants' conspiracy to frame Plaintiff because this information is in Defendants' hands, Defendants have conspired to continue to suppress and destroy that they fabricated evidence, and discovery has only just begun. Plaintiff agrees to supplement his response at a time mutually agreed by the parties for the exchanges of responses to contention interrogatories, that follows the conduct of substantial discovery.

6.     With regard to your allegations in paragraph 50 of your operative complaint that "Defendant Paulnitsky manipulated Thurmond into selecting Plaintiff's photograph from the photo array" please identify with particularity all evidence known to you at this time that supports this allegation and seasonably supplement this interrogatory if/when you learn of more evidence.

**ANSWER**: Plaintiff objects that this interrogatory is premature; Plaintiff has not yet had the opportunity to depose Defendants or received discovery responses from Defendants in this case. Contention interrogatories at the outset of litigation are inappropriate. *See, e.g.*, *In re Peregrine Fin. Grp. Customer Litig.*, 2015 WL 1344466, at *4 (N.D. Ill. Mar. 20, 2015) (citing *Ziemack v. Centel*

*Corp.*, 1995 WL 729295, at *2 (N.D. Ill. Dec. 7, 1995)) ("The general policy is to defer contention Interrogatories until discovery is near an end, in order to promote efficiency and fairness."). Plaintiff further objects because the information relevant to this inquiry is principally in the possession, custody, and control of Defendants. In addition, Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Subject to and without waiving these objections, Plaintiff incorporates his complaint that alleges in factual detail that Defendant Paulnitsky manipulated Scott Thurmond into identifying Plaintiff. Further answering, Plaintiff cannot possibly know at this early stage of litigation every piece of evidence that supports Defendant Paulnitsky's manipulation of Thurmond into falsely identifying Plaintiff because this information is in Defendants' hands, Defendants have conspired to continue to suppress and destroy that they fabricated evidence, and discovery has only just begun. Plaintiff agrees to supplement his response at a time mutually agreed by the parties for the exchanges of responses to contention interrogatories, that follows the conduct of substantial discovery.

7.    With regard to your allegations in paragraph 60 of your operative complaint that "Mr. Flores was found guilty, based on manufactured evidence" please identify with particularity all the alleged "manufactured evidence" known to you at this time that supports this allegation and seasonably supplement this interrogatory if/when you learn of more evidence.

**ANSWER**: Plaintiff objects that this interrogatory is premature; Plaintiff has not yet had the opportunity to depose Defendants or received discovery responses from Defendants in this case. Contention interrogatories at the outset of litigation are inappropriate. *See, e.g.*, *In re Peregrine Fin. Grp. Customer Litig.*, 2015 WL 1344466, at *4 (N.D. Ill. Mar. 20, 2015) (citing *Ziemack v. Centel Corp.*, 1995 WL 729295, at *2 (N.D. Ill. Dec. 7, 1995)) ("The general policy is to defer contention Interrogatories until discovery is near an end, in order to promote efficiency and fairness.").

Plaintiff further objects because the information relevant to this inquiry is principally in the possession, custody, and control of Defendants. In addition, Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Subject to and without waiving these objections, Plaintiff incorporates his complaint that alleges in factual detail that Defendants conspired to falsely implicate Plaintiff in the Rhodes murder. Further answering, Plaintiff cannot possibly know at this early stage of litigation every piece of evidence that comprised Defendants' conspiracy to frame Plaintiff because this information is in Defendants' hands, Defendants have conspired to continue to suppress and destroy that they fabricated evidence, and discovery has only just begun. Plaintiff agrees to supplement his response at a time mutually agreed by the parties for the exchanges of responses to contention interrogatories, that follows the conduct of substantial discovery.

8.     For each and every piece of "manufactured evidence" identified in the preceding interrogatory please identify when the fabrication occurred, the circumstances of how the fabrication occurred, the Bates stamp page of any document alleged to be fabricated/containing the fabricated evidence, the name of the Defendant who fabricated it, and when and through whom the fabricated evidence was used against Plaintiff at his trial.

**ANSWER**: Plaintiff objects to this interrogatory because it is being propounded at the outset of discovery, before Plaintiff has had an opportunity to depose many of the relevant witnesses or received discovery responses from Defendants in this case, and because the previous interrogatory upon which it depends is premature. Contention interrogatories at the outset of litigation are inappropriate. *See, e.g.*, *In re Peregrine Fin. Grp. Customer Litig.*, 2015 WL 1344466, at *4 (N.D. Ill. Mar. 20, 2015) (citing *Ziemack v. Centel Corp.*, 1995 WL 729295, at *2 (N.D. Ill. Dec. 7, 1995)) ("The general policy is to defer contention Interrogatories until discovery is near an end, in order to promote efficiency and fairness."). Plaintiff objects to the extent that this request seeks

communications protected from disclosure by the attorney-client privilege or work product doctrine. Plaintiff further objects because the predicate information relevant to this inquiry is principally in the possession, custody, and control of Defendants. In addition, Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Plaintiff agrees to supplement his response at a time mutually agreed by the parties for the exchanges of responses to contention interrogatories, that follows the conduct of substantial discovery.

9.      For each and every piece of "manufactured evidence" and other fabricated evidence listed/referenced in the preceding two Interrogatories, state how you learned of its existence, when you learned of its existence, and describe what if anything you, your attorney and/or your attorney's investigator did with that evidence after you learned about it.

**ANSWER**: Plaintiff objects to this interrogatory because it is being propounded at the outset of discovery, before Plaintiff has had an opportunity to depose many of the relevant witnesses or received discovery responses from Defendants in this case, and because the previous interrogatory upon which it depends is premature. Contention interrogatories at the outset of litigation are inappropriate. *See, e.g.*, *In re Peregrine Fin. Grp. Customer Litig.*, 2015 WL 1344466, at *4 (N.D. Ill. Mar. 20, 2015) (citing *Ziemack v. Centel Corp.*, 1995 WL 729295, at *2 (N.D. Ill. Dec. 7, 1995)) ("The general policy is to defer contention Interrogatories until discovery is near an end, in order to promote efficiency and fairness."). Plaintiff objects to the extent that this request seeks communications protected from disclosure by the attorney-client privilege or work product doctrine. Plaintiff further objects because the predicate information relevant to this inquiry is principally in the possession, custody, and control of Defendants. In addition, Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Plaintiff agrees to supplement his response at a time mutually

agreed by the parties for the exchanges of responses to contention interrogatories, that follows the conduct of substantial discovery.

      10.      With regard to your allegations in paragraph 99-100 of your operative complaint that "Defendants fabricated witness statements" that they knew were "false" please identify with particularity all the evidence known to you at this time that supports the allegation that Defendants Mingey and/or Paulnitsky knew the "witness statements" were false and seasonably supplement this interrogatory if/when you learn of more evidence.

**ANSWER**: Plaintiff objects that this interrogatory is premature; Plaintiff has not yet had the opportunity to depose Defendants or received discovery responses from Defendants in this case. Contention interrogatories at the outset of litigation are inappropriate. *See, e.g.*, *In re Peregrine Fin. Grp. Customer Litig.*, 2015 WL 1344466, at *4 (N.D. Ill. Mar. 20, 2015) (citing *Ziemack v. Centel Corp.*, 1995 WL 729295, at *2 (N.D. Ill. Dec. 7, 1995)) ("The general policy is to defer contention Interrogatories until discovery is near an end, in order to promote efficiency and fairness."). Plaintiff further objects because the information relevant to this inquiry is principally in the possession, custody, and control of Defendants. In addition, Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Subject to and without waiving these objections, Plaintiff incorporates his complaint that alleges in factual detail that Defendants knowingly fabricated witness statements. Further answering, Plaintiff cannot possibly know at this early stage of litigation every piece of evidence supporting that Defendants fabricated witness statements that they knew to be false because this information is in Defendants' hands, Defendants have conspired to continue to suppress and destroy that they fabricated evidence, and discovery has only just begun. Plaintiff agrees to supplement his response at a time mutually agreed by the parties for the exchanges of responses to contention interrogatories, that follows the conduct of substantial discovery.

11

11.     With regard to the allegations in paragraph 102-103 of your operative complaint that the "Defendants deliberately withheld exculpatory evidence" and "concealed, fabricated and destroyed additional evidence that is not yet known to Plaintiff," please identify with particularity all the evidence known to you at this time that was allegedly "withheld," "concealed, fabricated, and destroyed" by Defendants Mingey and/or Paulnitsky and seasonably supplement this interrogatory if/when you learn of more evidence.

**ANSWER**: Plaintiff objects that this interrogatory is premature; Plaintiff has not yet had the opportunity to depose Defendants or received discovery responses from Defendants in this case. Contention interrogatories at the outset of litigation are inappropriate. *See, e.g.*, *In re Peregrine Fin. Grp. Customer Litig.*, 2015 WL 1344466, at *4 (N.D. Ill. Mar. 20, 2015) (citing *Ziemack v. Centel Corp.*, 1995 WL 729295, at *2 (N.D. Ill. Dec. 7, 1995)) ("The general policy is to defer contention Interrogatories until discovery is near an end, in order to promote efficiency and fairness."). Plaintiff further objects because the information relevant to this inquiry is principally in the possession, custody, and control of Defendants. In addition, Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Subject to and without waiving these objections, Plaintiff incorporates his complaint that alleges in factual detail that Defendants withheld exculpatory evidence and concealed, fabricated, and destroyed additional evidence not yet known to Plaintiff. Further answering, Plaintiff cannot possibly know at this early stage of litigation every piece of exculpatory evidence that Defendants withheld, concealed, fabricated, and/or destroyed because this information is in Defendants' hands, Defendants have conspired to continue to suppress and destroy that they fabricated evidence, and discovery has only just begun. Plaintiff agrees to supplement his response at a time mutually agreed by the parties for the exchanges of responses to contention interrogatories, that follows the conduct of substantial discovery.

12.    For each and every piece of exculpatory evidence you claim was withheld, concealed or destroyed by Defendants Paulnitsky and Mingey in the preceding Interrogatory, please state to your knowledge when Defendant Paulnitsky or Mingey came into possession of or first learned of that alleged evidence.

**ANSWER**: Plaintiff objects to this interrogatory because it is being propounded at the outset of discovery, before Plaintiff has had an opportunity to depose many of the relevant witnesses or received discovery responses from Defendants in this case, and because the previous interrogatory upon which it depends is premature. Contention interrogatories at the outset of litigation are inappropriate. *See, e.g.*, *In re Peregrine Fin. Grp. Customer Litig.*, 2015 WL 1344466, at *4 (N.D. Ill. Mar. 20, 2015) (citing *Ziemack v. Centel Corp.*, 1995 WL 729295, at *2 (N.D. Ill. Dec. 7, 1995)) ("The general policy is to defer contention Interrogatories until discovery is near an end, in order to promote efficiency and fairness."). Plaintiff objects to the extent that this request seeks communications protected from disclosure by the attorney-client privilege or work product doctrine. Plaintiff further objects because the predicate information relevant to this inquiry is principally in the possession, custody, and control of Defendants. In addition, Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Plaintiff agrees to supplement his response at a time mutually agreed by the parties for the exchanges of responses to contention interrogatories, that follows the conduct of substantial discovery.

13.    For each and every piece of exculpatory evidence listed/referenced in the two preceding Interrogatories, state how you learned of its existence, when you learned of its existence, and describe what if anything you, your attorney/and or your attorney's investigator did with that evidence after you learned about it.

**ANSWER**: Plaintiff objects to this interrogatory because it is being propounded at the outset of

discovery, before Plaintiff has had an opportunity to depose many of the relevant witnesses or received discovery responses from Defendants in this case, and because the previous interrogatory upon which it depends is premature. Contention interrogatories at the outset of litigation are inappropriate. *See, e.g.*, *In re Peregrine Fin. Grp. Customer Litig.*, 2015 WL 1344466, at *4 (N.D. Ill. Mar. 20, 2015) (citing *Ziemack v. Centel Corp.*, 1995 WL 729295, at *2 (N.D. Ill. Dec. 7, 1995)) ("The general policy is to defer contention Interrogatories until discovery is near an end, in order to promote efficiency and fairness."). Plaintiff objects to the extent that this request seeks communications protected from disclosure by the attorney-client privilege or work product doctrine. Plaintiff further objects because the predicate information relevant to this inquiry is principally in the possession, custody, and control of Defendants. In addition, Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Plaintiff agrees to supplement his response at a time mutually agreed by the parties for the exchanges of responses to contention interrogatories, that follows the conduct of substantial discovery.

14. With regard to the allegations in paragraph 115-116 of your operative complaint that the "Defendants stood by without intervening to prevent the violation of Plaintiff's constitutional rights" and "had ample reasonable opportunities" to intervene, please identify the reasonable opportunities Defendant Paulnitsky and Mingey had, including when those opportunities presented, who was present, what occurred and identify any evidence supporting this allegation known to you at this time and seasonably supplement this interrogatory if/when you learn of more evidence.

**ANSWER**: Plaintiff objects that this interrogatory is premature; Plaintiff has not yet had the opportunity to depose Defendants or received discovery responses from Defendants in this case. Contention interrogatories at the outset of litigation are inappropriate. *See, e.g.*, *In re Peregrine Fin.*

14

*Grp. Customer Litig.*, 2015 WL 1344466, at *4 (N.D. Ill. Mar. 20, 2015) (citing *Ziemack v. Centel Corp.*, 1995 WL 729295, at *2 (N.D. Ill. Dec. 7, 1995)) ("The general policy is to defer contention Interrogatories until discovery is near an end, in order to promote efficiency and fairness."). Plaintiff further objects because the information relevant to this inquiry is principally in the possession, custody, and control of Defendants. In addition, Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Subject to and without waiving these objections, Plaintiff incorporates his complaint that alleges in factual detail that Defendants failed to intervene to prevent the violation of Plaintiff's constitutional rights. Further answering, Plaintiff cannot possibly know at this early stage of litigation every piece of evidence supporting Defendants' failure to intervene because this information is in Defendants' hands, Defendants have conspired to continue to suppress and destroy that they fabricated evidence, and discovery has only just begun. Plaintiff agrees to supplement his response at a time mutually agreed by the parties for the exchanges of responses to contention interrogatories, that follows the conduct of substantial discovery.

15.     Please specify in complete detail all crimes you committed in the five (5) years before your arrest for the murder of Jeffrey Rhodes, including but not limited to illegal drug use, possession and/or distribution of illegal drugs, theft, burglary, robbery, possession of an illegal firearm and/or weapon, assault, battery, kidnapping, gang activity, arson, extortion, or any other violation of a criminal statute.

**ANSWER**: Plaintiff objects to this interrogatory on the ground that it is overly broad, harassing, and seeks irrelevant and wholly inadmissible evidence, as well as being disproportionate to the needs of the case. Plaintiff objects to the extent that this interrogatory seeks information that is publicly available or information equally available to Defendants as Plaintiff. Subject to and without waiving that, Plaintiff directs Defendant to his Chicago Police Department criminal

history, produced at RFC 151-154. Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light.

16. Has any student, reporter, journalist, newscaster, or other person affiliated with any school, newspaper, television station or other media outlet or organization, at any time, been provided access to any documents or spoken with you and/or your agents related to the incident alleged in your Complaint? If so, please provide the name and address of such person(s) provided or given access, and for each such person identify the documents you, your attorneys, or agents provided or gave to them.

**ANSWER**: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, harassing, and disproportionate to the needs of the case. Plaintiff objects to the extent that this interrogatory seeks information that is publicly available or information equally available to Defendants as Plaintiff. Subject to and without waiving those objections, or Plaintiff's general objections above, Plaintiff attended a press conference the day this case was filed. Plaintiff also directs Defendants to this WTTW article, "11 Men Exonerated of Murder Convictions File Civil Suit Against Disgraced Reynaldo Guevara": https://news.wttw.com/2023/04/29/11-men-exonerated-murder-convictions-file-civil-suit-against-disgraced-ex-detective and this article published by Univision: https://news.wttw.com/2023/04/29/11-men-exonerated-murder-convictions-file-civil-suit-against-disgraced-ex-detective.

17. Please describe with specificity any and all communications by you and/or your attorneys/agents/representatives/ or anyone acting on your behalf, including but not limited to Loevy & Loevy, with the following individuals (a) Scott Thurmond; (b) Gina Cody; (c)Kathy Cody; and (d) Tony Valdez and/or their attorneys and representatives. Identify all facts, documents, and/or witnesses that relate to these communications.

**ANSWER**: Plaintiff objects to the extent this interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Plaintiff further objects that this interrogatory is vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of this case, as it seeks "any and all communications by you and/or your attorneys/agents/representatives/or anyone acting on your behalf."

Subject to and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff states that he does not recall ever speaking with Scott Thurmond. To the best of his knowledge, Plaintiff recalls last speaking with Gina Cody and Kathy Cody shortly after his arrest in 1990. Plaintiff does not recall ever speaking with Tony Valdez. Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light.

18.     Please state whether you, or anyone acting on your behalf, has made a complaint, allegation, or other statement to the Office of Professional Standards, the Independent Police Review Authority, the Civilian Office of Police Accountability, the Illinois Torture Inquiry and Relief Commission, the Illinois Prisoner Review Board, the Office of the Governor of the State of Illinois, the Cook County State's Attorney, the Illinois Attorney General, the Federal Bureau of Investigation, the United States Department of Justice, the Illinois Attorney Registration and Disciplinary Commission, any other local, state, or federal government or quasi-governmental agency, or to any private entity (e.g. any type of innocence project, exoneration project, school of journalism, justice project, investigator) against any of the named Defendants you have sued in this litigation, or against any of your criminal defense attorneys, including any attorneys representing you on appeal or in any post-conviction hearing. If so, please state:

a) the governmental or private entity to which you have ever made your complaint or allegation;

b) the date on which you made the complaint or allegations;

c) the individual against whom you made your complaint or allegation;

d) if you did not make the complaint or allegation personally, the person(s) who made the complaint or allegation on your behalf; and

e) the substance and nature of the complaint or allegations.

**ANSWER**: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, in that it seeks information about every single allegation or statement that Plaintiff has made against any named Defendant to any local, state or federal governmental or quasi-governmental agency or private entity, without further restriction or clarification, and without Plaintiff necessarily knowing at the time the exact name or nature of each such governmental, quasi-governmental or private entity. Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Plaintiff objects to the extent that this interrogatory seeks information that is publicly available or information equally available to Defendants as Plaintiff. Plaintiff objects to providing any statements that any of his counsel may have made about his case or about the allegations against the defendants as being protected by the work product and attorney privileges, unduly burdensome and disproportionate to the needs of the case and totally overbroad. Plaintiff objects to the extent this interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff states that he recalls filing a complaint before the Office of Professional Standards and writing letters to various innocence networks over the years as to whether they would take on his case. Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this

answer as new information comes to light.

19.     Have you ever had any communications with a representative of any government entity, including but not limited to, the Federal Bureau of Investigation, United States Department of Justice, or other federal, state, or local law enforcement agency, related to the incidents referenced in your Complaint, any party to the complaint, Jeff Rhodes, Scott Thurmond, Gina Cody, Kathy Cody, or Tony Valdez? If so, identify the person(s) with whom you communicated, their contact information, the dates of your communications(s), whether the communications were written or oral; and the substance and nature of the communications.

**ANSWER**: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, in that it seeks information about every single allegation or statement that Plaintiff has made against any named Defendant to any local, state or federal governmental or quasi-governmental agency or private entity, without further restriction or clarification, and without Plaintiff necessarily knowing at the time the exact name or nature of each such entity. Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Plaintiff objects to the extent that this interrogatory seeks information that is publicly available or information equally available to Defendant as Plaintiff. Plaintiff objects that he cannot possibly remember the specific dates on which he made his communications. Plaintiff objects to the extent this interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff states that he has never had such communications with governmental entities relating to his wrongful conviction, apart

19

from his questioning by police in this case. Plaintiff's investigation into this matter continues and

he reserves the right to supplement or modify this answer as new information comes to light.

20.     Have you ever been involved in any civil action (excluding the present civil

matter), either as a plaintiff or defendant (including divorce proceedings and workmen's

compensation claims)?  If so, please state:

> a)  the name of the court in which it was filed;
> b)  the year it was filed;
> c)  the case name and docket number;
> d)  the substance of the dispute or nature of the claim advanced;
> e)  the resolution, if any, including judgment and/or settlement; and
> f)  the names of the attorneys representing each party.

**ANSWER**: Plaintiff objects to this interrogatory on the ground that it is overly broad, harassing,

seeks irrelevant and wholly inadmissible evidence, and lacks any reasonable temporal limit, in that

it requests information over an unlimited time period, including Plaintiff's entire childhood.

Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts

that are properly set forth in multiple interrogatories. Plaintiff objects to the extent that this

interrogatory seeks information that is publicly available or information equally available to

Defendants as Plaintiff. Subject to and without waiving the foregoing objections, Plaintiff states

that he filed a complaint before the Illinois Commerce Commission in 2012, *Johnny Flores v.

Consolidated Communications Enterprise Services, Inc.*, No. 12-0127. The complaint was

dismissed.

21.     Were any photographs, tapes (video or audio), slides, movies, pictures, drawings

demonstrative exhibits, or any other representations taken and/or made of the scene of the

occurrences alleged in the complaint, the persons or physical objects involved, any parties or

witnesses, the Plaintiff's injuries or damages sustained as a result of the occurrence complained

of, or any other matters related to the allegations of the complaint?  If so, please state:

20

a) what photos, tapes (video or audio), slides, movies, pictures, drawings demonstrative exhibits, or other representations were taken and/or made;

b) the subject matter of each photo, tape (video or audio), slide, movie, picture, drawing, demonstrative exhibit, or other representation;

c) the names and addresses of those persons who took or made the photos, tapes (video or audio), slides, movies, pictures, drawings, demonstrative exhibits, or other representations;

d) the date or dates on which the photos, tapes (video or audio), slides, movies, pictures, drawings, demonstrative exhibits, or other representations were taken and/or made; and

e) the names and addresses of the persons who now have custody, possession or control of such photos, tapes (video or audio), slides, movies, pictures, drawings, demonstrative exhibits, or other representations.

**ANSWER**: Plaintiff objects to this Request as premature because this interrogatory is being propounded at the beginning of discovery, and so Plaintiff has not received complete responses to his discovery requests or a production of all Documents from the City and the individual defendants, and depositions have not yet commenced Plaintiff objects further because information relevant to this inquiry is principally in the possession, custody, or control of Defendant Paulnitsky and the other defendants. Without waiving the foregoing objections, Plaintiff states that any non-privileged responsive documents of which he is aware have been produced by the parties in this case.

22. Are you currently or have you ever received (or has anyone ever received on your behalf) any benefits for any physical, mental or emotional illness, or injury from any source, including but not limited to, a private employer, a private insurer, the Social Security Administration, or the Illinois Department of Public Aid, etc.? If so, list as to each benefit:

a) the name and address of the source of benefit;

b) the nature of the injury involved;

c) the period of time (month and year) during which the benefit was provided; and,

d) the nature and amount of the benefit.

21

**ANSWER**: Plaintiff objects to this request as overly broad and unduly burdensome, and also objects on the basis that it is not reasonably limited in time and/or scope and is disproportionate to the needs of the case. Plaintiff objects to this interrogatory on the basis that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, as it seeks irrelevant and inadmissible collateral source information. Plaintiff objects to the extent that this interrogatory calls for medical diagnoses and opinions he is not qualified to offer, or information protected from disclosure by the attorney-client privilege or work product doctrine, or the doctor-patient or patient-psychotherapist privilege.

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff states to the best of his recollection, Plaintiff received a LINK card several months ago. Additionally, Plaintiff received six months of unemployment benefits. Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light.

Dated: October 12, 2023

RESPECTFULLY SUBMITTED,

/s/ Annie Prossnitz
*Counsel for Plaintiff*
Jon Loevy
Russell Ainsworth
Ruth Brown
Annie Prossnitz
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
prossnitz@loevy.com

## <u>CERTIFICATE OF SERVICE</u>

I, Annie Prossnitz, an attorney, hereby certify that on October 12, 2023, I served the foregoing Plaintiff's Rule 26(a)(1) disclosures upon all counsel of record via electronic mail.

/s/ Annie Prossnitz
*One of Plaintiff's Attorneys*