*Johnny Flores v. Reynaldo Guevara*
23 CV 01736

# EXHIBIT 3



James G. Sotos
John J. Timbo
Caroline P. Golden
Joseph M. Polick
Jeffrey R. Kivetz
Laura M. Ranum
Josh M. Engquist
Lisa M. Meador
David A. Brueggen
―――
Daniel J. McGinnis
George J. Yamin, Jr.
Kyle T. Christie
Maurice C. Hunt
Thomas J. Sotos
Elizabeth R. Fleming
Allison L. Romelfanger
Alexis M. Gamboa
Claudia C. Fantauzzo
―――
Of Counsel
Jeffrey N. Given
Mark F. Smolens

141 W. Jackson Blvd.,
Suite 1240A,
Chicago, IL 60604
(630) 735-3300
(630) 773-0980 Fax

www.jsotoslaw.com

Writer's direct dial: 630-735-3322
mhunt@jsotoslaw.com

December 11, 2023

Ruth Brown
Arthur R. Loevy
Jonathan I. Loevy
Russel Ainsworth
Annie Prossnitz
Carla Agbiro Linton
Lauren Carbajal
Loevy & Loevy
311 N. Aberdeen St. 3rd Fl.
Chicago, IL 60607

RE: *Johnny Flores v. Reynaldo Guevara, et. al.,*
Case No.: 23-cv-1736
Our File No.: 4212

Dear Counsel:

I write pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.2 to address deficiencies in Plaintiff's responses to Defendants' requests for production and interrogatories. Accordingly, we ask that you clarify and/or supplement your responses to the following requests for documents ("RFP") and interrogatories ("ROG") by December 22, 2023.

1. **General Matters**

    1.1 **Responsive documents**

As an initial matter, on May 8, 2023 Plaintiff disclosed to Defendants a 676,025-page production of unlabeled (but for bate stamps Guevara L 1-27112 and AR-L 1-648913) and unorganized set of documents. Additionally on May 15 Plaintiff disclosed to Defendants a 301,844-page production of unlabeled (but for bate stamps JR-L 1-301844) and unorganized set of documents. Yet again, on July 25 Plaintiff disclosed to Defendants a 3904-page production of unlabeled (but for the bates-stamp Flores 1-3904) and unorganized set of documents referenced in his Rule 26 disclosures. Moreover, Plaintiff has not identified the source of any of the nearly one million pages of documents he has disclosed, and the lack of organization further confounds the ability to determine the original sources of the documents. The source of records, especially those specific to this case (Flores 1-3904) is important because what documents existed in what entities' files is necessary to assess Plaintiff's allegations. Accordingly, please identify the source of the documents disclosed.

Additionally, on October 12, 2023, in response to Defendants' RFPs, Plaintiff responded to more than half of Defendants' 77 requests with a reference to look at the more than 981,773 pages produced by Plaintiff. *See e.g.* Plaintiff's Response to RFP Nos. 1, 15. Defendants



Counsel
December 11, 2023
Page 2

requests are narrowly tailored to seek specific documents. Accordingly, Plaintiff's failure to specifically direct Defendants to specific documents or discrete groupings of documents (not Plaintiff's entire production) causes concern that additional responsive documents may be in Plaintiff's possession that were not disclosed. Plaintiff further stated that other responsive documents are equally accessible to Defendants, which is not an objection sufficient to withhold documents and/or fail to produce responsive documents in the possession, custody, or control of Plaintiff. *See* FED. R. CIV. P. 34(b)(2)(A)-(C). Accordingly, Defendants request that Plaintiff clarify his responses to RFPs confirming he has not withheld any responsive documents in his possession, identifying the specific Bates Stamp range of documents responsive to the specific RFPs and, to the extent Plaintiff is withholding documents on a basis other than attorney-client or attorney work product privileges provide Defendants a privilege log, as discussed below.

### 1.2 Privilege log

In numerous RFP and ROG responses, Plaintiff objects on a variety of privilege grounds, but neither states whether documents or information have been withheld for each RFP and ROG response, nor provides any privilege log. To the extent documents or information are being withheld based on a privilege other than attorney-client or attorney work product, please provide Defendants with a privilege log, pursuant to FED. R. CIV. P. 26.

To be clear, Defendants are not seeking Plaintiff's counsel's attorney work product or attorney-client communications. Rather, Defendants are requesting that any responsive information or documents being withheld on the basis of any other privilege or confidentiality statute be logged on a privilege log to allow Defendants to appropriately review and assess Plaintiff's basis for withholding such information or documents. *See* FED. R. CIV. P. 26(b)(5)(A) ("the party must: expressly make the claim; and describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that…will enable other parties to assess the claim.").

Accordingly, please supplement your responses to each document request with the Bates Stamp range(s) of responsive documents, a statement regarding whether Plaintiff is withholding responsive documents, and if so, please provide a complete privilege log for all materials withheld.

### 1.3 Plaintiff's Cryptic Responses

For several of Plaintiff's responses where he actually provided a substantive response Plaintiff has said "he will produce all non-privileged documents that fall within the proper scope of discovery." This type of cryptic response is non-responsive and inconsistent with Rule 34. Defendants are unable to discern whether Plaintiff is simply noting his duty under Rule 26(e) to supplement as additional responsive documents are discovered or whether he has responsive documents that he intends to produce but has not had an opportunity to produce them. (*See e.g.* RFP Nos. 5, 6, 7, 8, 10, 13, 47, 48, 49, 52, 53, 54, 55, 60, and 77). Further, Plaintiff's self-imposed caveat that he will produce records that "fall within the



Counsel
December 11, 2023
Page 3

proper scope of discovery" further confounds Defendants. Defendants again cannot tell whether Plaintiff has responsive documents but is disputing whether they are in "the proper scope of discovery" and so is not/will not produce them. This type of gamesmanship and confusion does not serve the parties well in discovery because it just creates delay. If Plaintiff is in possession of responsive documents that he does not believe are in the "proper scope of discovery" his responses need to state that he is withholding records for that reason so the parties can discuss the issue. If Plaintiff has records in his possession that he will be producing that should be clear so Defendants can follow up with Plaintiff on the timing of that production. Accordingly, please clarify Plaintiff's responses to indicate whether he currently has responsive documents in his possession and if he is withholding them or plans to produce them, and if the latter when Defendants can expect to receive them.

Plaintiff's responses also note that responsive documents "have already been or are being produced." RFP Nos. 16, 17, 45. Please confirm that all responsive documents that were "being produced" have been produced. If they have not, please advise when Defendants can expect them.

**2.  Requests for Production of Documents**

**2.1  Medical and mental health records**

Defendants' RFP nos. 5, 6, 7, and 8 seek medical and mental health records from Plaintiff, concerning treatment, care, and hospital visits. Plaintiff objected to these requests based on scope and relevance and claiming a psychotherapist-patient privilege. Plaintiff's response over his objections is non-responsive simply stating "he will produce all non-privileged documents that fall within the proper scope of discovery." Defendants have not received any supplemental production of documents responsive to this request. If Plaintiff has them as the response seems to indicate they must be produced or at minimum identified on a privilege log, see section 1.2 above. If Plaintiff is withholding documents based on his objections to scope, he must indicate that as required by Rule 34. Accordingly, please supplement Plaintiff's responses with a complete answer to the RFPs nos. 5, 6, 7, and 8.

**2.2  Documents of Lawsuit Loans**

Defendants' RFP no. 11 seeks documents related to any lawsuit loans taken or debts Plaintiff owes that are secured by this lawsuit. Plaintiff asserts objections but does not identify whether he has withheld any responsive documents as Rule 34 requires. Please supplement this response and identify if any documents are being withheld based on Plaintiff's objections.

**2.3  Tax records**

Defendants' RFP no. 12 seeks tax records, Plaintiff objected to RFP no. 12 on the grounds that these records are "protected from disclosure by statute or by any other applicable privilege or immunity." Please direct Defendants to the "statute or by statutory or common-



Counsel
December 11, 2023
Page 4

law privilege" to which Plaintiff refers. Furthermore, Plaintiff asserts objections but does not identify whether he has withheld any responsive documents as Rule 34 requires. . Accordingly, please supplement Plaintiff's responses with a complete answer to the RFP no. 12, including identifying if any documents are being withheld based on Plaintiff's objections.

### 2.4 Insurance Documents

Defendants' RFP no. 13 seeks documents related to any insurance coverage for injuries or damages alleged. Plaintiff objects and advises "he will produce all non-privileged documents that fall within the proper scope of discovery." Defendants have not received any supplemental production of documents responsive to this request. Please supplement your answer to indicate whether responsive documents are in Plaintiff's possession and, if so, please produce with your response to avoid any delays in discovery.

### 2.5 FOIA Requests

Defendants sought not only the responses to FOIA requests, but also the requests themselves. Plaintiff has not indicated whether any documents have been withheld given his privilege assertion. Please advise if any responsive documents have been withheld. As noted above, if Plaintiff is asserting a privilege other than attorney client or attorney work-product to withhold documents, the withheld documents should be on a log. If Plaintiff is asserting the attorney work product privilege, please advise how the privilege applies to requests sent to third parties or responses received from third parties.

### 2.6 Criminal defense counsel's files

Defendants' RFP nos. 19 and 20 seek records pertaining to Plaintiff's criminal defense attorneys' files for all his criminal proceedings. Plaintiff again responds by directing Defendants to Flores 1- 3994 and CCPD Sub Resp 1-157. Plaintiff makes no mention of and disclosed no documents from his representation of the Exoneration Project, which he clearly has based on his production in the case. These files directly relate to Plaintiff's criminal case, appeals, and post-conviction pursuits, all of which play an integral role in this litigation. The documents sought from each of Plaintiff's former legal counsel are directly relevant to the claims and defenses in this action and, therefore, a proper response to Defendants' request is warranted. Please supplement Plaintiff's response with complete responses to RFP nos. 19 and 20; and specifically direct Defendants to the Bates Stamped pages of the specific files from his criminal defense attorneys, like what he has done for the PD's subpoena response.

### 2.7 Convictions

Defendants' RFP no. 29 seeks records pertaining to any convictions of Plaintiff. Plaintiff objects on a variety of privilege grounds but has not provided a privilege log identifying the responsive documents withheld. The Court has entered a Confidentiality Protective Order (Dkt. 53) to protect such records, so this should be produced. Accordingly, please supplement Plaintiff's response with a complete answer to RFP no. 29.



Counsel
December 11, 2023
Page 5

### 2.8 Plaintiff non-attorney communications about his Lawsuit

Defendants' RFP Nos. 38, 52, 58, 59, 61, 62, 63, and 64 requests all communications between Plaintiff and anyone other than his attorney relating to his allegations and damages in this lawsuit and copies of social media posts. Plaintiff requested to discuss RFP No. 38, 58, 59, 61, 62, 63, and 64 and is willing to respond if provided clarification. Please advise when you are available to discuss this request so we can provide clarification that Plaintiff wants to be able to respond to this request.

### 2.9 Employment

Defendants' RFP no. 47 seeks records pertaining to Plaintiff's work history. In addition to the reasons listed in Section 2.1 above, Plaintiff's answer is also non-responsive because it does not answer the specificity of the RFPs propounded, which here would be employment records. Accordingly, please supplement Plaintiff's responses with a complete answer to RFP no. 47.

## 3. Interrogatories

### 3.1 Conduct attributed to each Defendant and support for specific allegations

**Mingey ROG nos. 15, 16; Paulnitsky ROG nos. 1-2, 4-7, 10-11,14** ask for information regarding the individual conduct attributed to each Defendant, evidence supporting Plaintiff's allegations of which he is currently aware, including what documents were allegedly withheld. As an initial matter, Defendants are entitled, in advance of summary judgment, to a response from Plaintiff as to what conduct, if any, Plaintiff attributes to each defendant individually. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Each defendant is entitled to know what he or she did that is asserted to be wrongful[.]"); *Savory v. Cannon*, No. 17 CV 204, Dkt. 171, at *5 (N.D. Ill. March 31, 2021) ("More specificity will be required on summary judgment and, if the case gets that far, at trial.") (citing *Kuhn v. Goodlow*, 678 F.3d 552, 555-56 (7th Cir. 2012) (holding that "§ 1983 liability is premised on the wrongdoer's personal responsibility")).

Plaintiff's objections are not well taken and require no significant analysis as they are merely boilerplate objections. Objecting to an interrogatory that asks to identify the specific conduct Plaintiff attributes to each Defendant as "overly broad and unduly burdensome" is groundless. This is a standard request. *In re Thomas Consolidated Industries, Inc.*, No. 04 CV 6185, 2005 WL 3776322, at *7 (N.D. Ill. 2005) (finding "nothing unduly burdensome" about the discovery requests that "ask for the facts supporting complaint allegations," which are "precisely the types of requests every litigant in federal court should expect to answer.") Indeed, Plaintiff has the burden in this case and there is nothing unduly burdensome about Defendants seeking information about how Plaintiff intends to do so.



Counsel
December 11, 2023
Page 6

Plaintiff also objects based on prematurity and that the information requested is in the possession of Defendants. These objections are also without merit and addressed in turn below.

First, Plaintiff objected that this interrogatory request is premature because he has not received discovery responses from Defendants or had an opportunity to depose Defendants or witnesses. But Plaintiff had to have a good faith basis to make his allegations and accordingly should include that basis in his response. His objection only justifies supplementing Plaintiff's response as discovery progresses, but it does not prevent Plaintiff from identifying the information currently available to him that supports the specific conduct he attributes to each Defendant. Indeed, "the goal of discovery . . . is to enable both sides to make effective preparation for trial" and avoid "unfair surprise." *Zingerman v. Freeman Decorating Co.*, No. 02 C 6050, 2003 WL 22057032, at *4 (N.D. Ill. Sept. 3, 2003).

Second, Plaintiff objected that "the information relevant to this inquiry is principally in the possession, custody, or control of the Defendants." This objection, repeated in other matters, continues to be nothing more than improper burden shifting that lacks any basis in the law. *Iglesias v. Guevara et al.*, 19-cv-06508, Dkt. 174, at *5 ("Plaintiff has offered no support for this argument, which presupposes Defendants' liability and also flips the evidentiary burdens.")

Moving on, Plaintiff's reference to his Complaint, which is riddled with group pleading and is merely allegations—not evidence—does nothing to cure the deficiencies raised in this correspondence. *Iglesias v. City of Chicago*, 19-cv-6508, Dkt. 174, at 4 (N.D. Ill. Jan. 3, 2022) (collecting cases). Further, Plaintiff provides a one-sentence-one-page narrative replete with generalized allegations that do not identify the specific conduct Plaintiff attributes to each Defendant. For the sake of efficiency, take the following example: Plaintiff states "Defendants have caused and redress for incalculable loss of liberty and terrible hardship that Plaintiff has endured and continues to suffer as a result of Defendants misconduct." Again, Plaintiff broadly claims that there was "misconduct," but Plaintiff did not specify what misconduct he attributes to each defendant.

Accordingly, Defendants request that Plaintiff supplement his responses to the Mingey ROG no.16; Paulnitsky ROG nos. 1-2, concerning what conduct Plaintiff attributes to each individual defendant; Paulnitsky ROG nos. 4-7, 10-11, 14 providing all evidence known to Plaintiff at this time that supports his allegations and Mingey ROG no. 15 identifying any documents of which Plaintiff is aware that he asserts were not tendered in the criminal case.

    **3.2**    **Purported premature interrogatories**

Defendant Officers seek a Rule 37.2 conference to come up with a mutually agreed time for the exchange of response to true contention interrogatories and final supplementation of interrogatories seeking evidence known to them at the time.



Counsel
December 11, 2023
Page 7

### 3.3 Defendant Mingey's first set of interrogatories

**Defendant Mingey's ROG no. 3** seeks information concerning Plaintiff's educational history, inclusive of names and addresses of educational institutions, vocational schools, or training programs Plaintiff attended, when, and what degrees were received, if any. Plaintiff states that "he was in his last year of high school at Wells High School," but lists no dates of attendance or if he ever received a diploma or degree. Please supplement Plaintiff's answer to ROG no. 3 concerning when Plaintiff attended Wells High School and what diploma or degree, if any, Plaintiff received. Accordingly, please provide the information requested.

**Defendant Mingey's ROG no. 4** seeks information concerning Plaintiff's source of income and **Defendant Mingey's ROG no. 22** asks Plaintiff to list and itemize the expense for all other forms of damages not related to his claim for lost wages. Plaintiff stated in response to ROG no. 4 that after his release, he worked for four years as a Forklift Specialist at Leon Koral Company. Plaintiff's response is incomplete. Plaintiff does not provide the address of this employer, identify the start and end time of his employment, the compensation he received, the names of his supervisors, or the reasons for leaving the employment as requested in ROG no. 4. Further, in response to ROG. no. 22, Plaintiff referred Defendants to ROG no. 16, which requested information about Plaintiff's medical and mental health injuries but did not identify any other expense incurred. Accordingly, please provide the information requested.

**Defendant Mingey's ROG no. 9 and 10** ask Plaintiff to identify all internet photo and video sharing services and social media accounts and email accounts. In his response, "Plaintiff states that he will provide information regarding ESI in his possession, custody, or control, pursuant to an ESI discovery plan in which Defendants are participating." Defendants cannot assess whether an ESI discovery plan is necessary without knowing if any ESI exists and the extent of its existence. Identifying the requested accounts will assist Defendants in determining the scope of any potential ESI proposal. Accordingly, please provide the information requested so the parties can address this efficiently.

**Defendant Mingey's ROG no. 12** asks Plaintiff to specify his whereabouts, who he was with, and what he was doing between 5:00 pm on November 22, 1989, and 5:00 p.m. on November 23, 1989. Plaintiff's response is incomplete. Plaintiff never explains where he was, who he was with, or what he was doing within this timeframe as requested. If Plaintiff cannot recall this information as implied, please state that in the answer. Accordingly, please supplement Plaintiff's answer to ROG no. 12 to provide an answer to this interrogatory.

**Defendant Mingey's ROG no. 15** asks Plaintiff to identify with particularity any document, including by Bates number if produced in this litigation, that was not produced to prosecutors or defense counsel during Plaintiff's criminal proceedings. Plaintiff again does not provide an answer. As noted above, please supplement the answer to ROG no. 15 identifying any documents Plaintiff alleges were not tendered in the criminal trial and if he cannot point to any specific documents at this time, please so answer.



Counsel
December 11, 2023
Page 8

**Defendant Mingey's ROG no. 16** asks Plaintiff to identify any physical, emotional or mental injuries. Plaintiff provides a narrative response indicating his alleged emotional injuries but does not say he suffered any physical injuries as a result of the alleged conduct of Defendants. Please confirm that Plaintiff's answer is complete and that he is not claiming any physical injuries for which he seeks recovery.

**Defendant Mingey's ROG no. 24** asks Plaintiff information about Plaintiff's gang affiliation. Plaintiff stated he was affiliated with the Spanish Cobras. This response is incomplete. Accordingly, please identify the dates of his affiliation/membership and departure (if applicable), his rank, his duties, the territory controlled by the set of Spanish Cobras he affiliated(s) with, any aliases, and the reason for ending his affiliation (if applicable).

### 3.4 Defendant Paulnitsky's first set of interrogatories

**Defendant Paulnitsky's ROG no. 3** asks Plaintiff to identify any witnesses he may call under Federal Rule of Evidence 404(b) to testify against each Defendant. In his answer, Plaintiff refers Defendants to his Rule 26(a)(1) Disclosures, but these disclosures contain over 100 404(b) witnesses.

This far exceeds the permissible scope of discovery under Rule 26(b)(1) because it is not proportional to the needs of this case as it creates mini-trials within this trial, and Defendants would have to expend significant resources to properly vet these witnesses and their underlying allegations. This issue is nothing new. Plaintiff's counsel has routinely been required to limit the number of 404(b) witnesses. *Sierra v. Guevara, et al.*, Case No. 18cv3029, Dkt. 252 (N.D. Ill. Apr. 6, 2021) (collecting cases). As Judge Harjani noted, "[t]his is an issue in every case where we have Loevy on one side and the city [sic] on the other. I have many of these cases. Judges in this district have many of these cases. This is – 404(b) is always an issue." Hearing Transcript in *Prince v. Kato*, 18 cv 2952, at 4 (N.D. Ill. May 9, 2019). Hopefully, this issue will not require motion practice yet again. Accordingly, Defendants request that Plaintiff reduce the total number of 404(b) witnesses to 5 or less. Accordingly, please supplement the answer to ROG no. 3.

**Defendant Paulnitsky's ROG nos. 7 - 9** ask Plaintiff to state with particularity the evidence that each Defendant "manufactured" or "fabricated"; when the manufactured or fabrication occurred; how and when Plaintiff first learned of its existence; and the actions he subsequently took. Plaintiff's answers to ROG nos. 7 - 9 fail to answer these interrogatories as phrased and interprets them as contention interrogatories. But they seek Plaintiff's position at this time of what evidence was manufactured or fabricated. Plaintiff fails to identify any specific evidence that he alleges was manufactured or provide any of the additional information about that evidence that is requested in the subsequent interrogatories. Please answer these interrogatories providing the information Plaintiff has at this time.



Counsel
December 11, 2023
Page 9

**Defendant Paulnitsky's ROG no. 10** asks Plaintiff to state with particularity the evidence that he is currently aware of that supports his allegation that Mingey or Paulnitsky knew that witness statements were false. Plaintiff again fails to answer this interrogatory as phrased and interprets it as a contention interrogatory. But this interrogatory, like the ones above, seek Plaintiff's position at this time of what evidence he is aware of that supports his allegation. Plaintiff fails to identify any specific evidence that he is aware of at this time. If Plaintiff is not aware of any such evidence, please answer that way, otherwise please provide the information requested.

**Defendant Paulnitsky's ROG nos. 11-13** ask Plaintiff to state with particularity the exculpatory evidence that each Defendant "withheld, destroyed, or suppressed from prosecutors or defense counsel"; when the Defendants "came into possession or first learned of that evidence"; how and when Plaintiff first learned of its existence; and the actions he subsequently took. Plaintiff's answers to ROG nos. 11-13 again fail to provide a responsive answer identifying the specific evidence and defers providing any information he has at this time until later under the guise these are contention interrogatories. If Plaintiff is not aware of any such evidence as indicated, "evidence not known to Plaintiff," please clarify Plaintiff's answer. If there is other evidence of which Plaintiff is aware that he alleges was not disclosed, he must identify it in response to ROG No. 11 and answer ROG Nos. 12-13about that evidence. Accordingly, please supplement the answers to ROG nos. 11-13.

**Defendant Paulnitsky's ROG no. 14** asks Plaintiff to state with particularity the reasonable opportunities (when, who, and what evidence) of which he is currently aware indicating that Defendants Paulnitsky and Mingey had to stop the alleged inappropriate conduct. Plaintiff's answer yet again fails to provide a responsive answer identifying any of the information requested and simply directs to his complaint and defers providing this information. This interrogatory, like the other ones above is seeking the information Plaintiff has now. He can supplement this interrogatory with what he may learn in discovery, but that does not justify not providing a response now. Please answer this interrogatory.

**Defendant Paulnitsky's ROG no. 16** asks Plaintiff to identify persons affiliated with the media or schools that he or his agents spoke to or provided documents related to the incident alleged in his Complaint. Plaintiff's response vaguely refers to one press conference and one news article. This answer is incomplete. Accordingly, please provide the information requested.

**Defendant Paulnitsky's ROG no. 17** requests information regarding Plaintiff or his "attorneys/agents/representatives" about communications with witnesses Scott Thurmond, Gina Cody, Kathy Cody, and Tony Valdez. Although Plaintiff identified communications he had with several witnesses and provided the approximate time those communications occurred, he did not provide information about the substance of the communications as requested. Additionally, there is no information about communications Plaintiff's "attorneys/agents/representatives" had with witnesses as requested. Please provide all (if any) correspondence with third-party witnesses. Accordingly, please provide the information requested.



Counsel
December 11, 2023
Page 10

**Conclusion**

For the reasons aforementioned, Defendants request that Plaintiff address and supplement the aforementioned requested responses and answers, and provide a privilege log if applicable, by December 22, 2023. Defendants are also available to discuss the responses Plaintiff specifically wanted to discuss and their other concerns at a time mutually convenient to the parties.

        Very truly yours,

        THE SOTOS LAW FIRM, P.C.

        Maurice C. Hunt

MCH/tb
cc: all counsel