*Johnny Flores v. Reynaldo Guevara*
23 CV 01736

# EXHIBIT 5



THE
SOTOS
LAW FIRM. P.C.

James G. Sotos
John J. Timbo
Caroline P. Golden
Joseph M. Polick
Jeffrey R. Kivetz
Laura M. Ranum
Josh M. Engquist
Lisa M. Meador
David A. Brueggen
—
Daniel J. McGinnis
George J. Yamin, Jr.
Kyle T. Christie
Maurice C. Hunt
Thomas J. Sotos
Elizabeth R. Fleming
Allison L. Romelfanger
Alexis M. Gamboa
Claudia C. Fantauzzo
Jeffrey C. Grossich
—
Of Counsel
Jeffrey N. Given
Mark F. Smolens

Writer's direct dial: 630-735-3322
mhunt@jsotoslaw.com

April 10, 2024

Ruth Brown
Arthur R. Loevy
Jonathan I. Loevy
Russel Ainsworth
Annie Prossnitz
Carla Agbiro Linton
Lauren Carbajal
Loevy & Loevy
311 N. Aberdeen St. 3rd Fl.
Chicago, IL 60607

RE:     *Johnny Flores v. Reynaldo Guevara, et. al.,*
         Case No.: 23-cv-1736
         Our File No.: 4212

Dear Counsel:

We have reviewed your supplemental answers to Defendants Mingey and Paulnitsky's interrogatory requests. But it appears that Plaintiff has not addressed our specific concerns and there are still issues with answers to Paulnitsky's interrogatory Nos. 1, 2, 4–14, and Mingey's interrogatory Nos. 15, 24. Our understanding was that Plaintiff would supplement his answer with the information he is currently aware of and Plaintiff's supplementation noting that he is "not personally currently aware of any other information with which he could supplement this response" does not cure the deficiencies. Plaintiff's supplemental answers have failed to address the issues raised in Defendants' Rule 37 letters and during our telephone calls.

As to Paulnitsky's interrogatory Nos. 1, 2, 4–14, and Mingy's interrogatory No. 15., Plaintiff still does not identify the specific conduct he attributes to *each* Defendant, specifically Defendants Paulnitsky and Mingey that led to his arrest, prosecution, and conviction, and the actions he claims are the basis for his injuries. For Paulnitsky's interrogatories Nos. 4–14, Plaintiff still does not identify: evidence that he claims Defendants Mingy and Kijowski fabricated [ROG 4]; evidence that Defendants Mingey, Kijowski, and Paulnitsky framed the Plaintiff [ROG 5]; evidence that Defendant Paulnitsky manipulated Thurmond into selecting Plaintiff from the photo array [ROG 6]; evidence Plaintiff claims each Defendant manufactured [ROG 7]; when and how each Defendant manufactured or fabricated the evidence [ROG8]; when and how Plaintiff learned of the manufactured or fabricated evidence and what subsequent steps he took [ROG 9]; evidence that Defendants Mingey and Paulnitsky knew witness statements were false [ROG 10]; evidence that Plaintiff claims each Defendant withheld, concealed, fabricated or destroyed [ROG 11]; when Plaintiff learned Defendants Paulnitsky and Mingey came into possession of or learned they withheld, concealed, or destroyed exculpatory evidence [ROG 12]; how and when Plaintiff learned of

141 W. Jackson Blvd.,
Suite 1240A,
Chicago, IL 60604
(630) 735-3300
(630) 773-0980 Fax

www.jsotoslaw.com



Counsel
April 10, 2024
Page 2

the existence of exculpatory evidence [ROG 13]; and evidence that Defendants Paulnitsky and Mingy had reasonable opportunities to intervene [ROG 14]. For Mingey's No. interrogatory 15 Plaintiff still did not identify documents that were not produced or tendered to prosecutors or defense counsel.

Plaintiff's attempts to limit his interrogatories to his "personal" knowledge are not appropriate, and he must include information from his attorneys, investigators and information readily available to him. *See David Mizer Enterprises, Inc. v. Nexstar Broad., Inc.*, 2016 WL 4541825, at *3 (C.D. Ill. Aug. 31, 2016) ("The answering party cannot limit answers to matters within his or her own knowledge and ignore information available to the individual answering the interrogatory or to persons or sources under that individual's control. If an appropriate interrogatory is propounded, the answering party is required to give information available to the answering party, if any, through his attorney, investigators employed by him, or on his behalf."); *Caremark, Inc. v. Affiliated Computer Servs., Inc.*, 195 F.R.D. 610, 613 (N.D. Ill. 2000) ("Defendant's counsel was required to make full and honest answers to interrogatories as to the circumstances surrounding the fatal accident which 'would necessarily have included all pertinent information gleaned by [counsel] through his interviews with the witnesses.'") (quoting *Hickman v. Taylor*, 329 U.S. 495, 508 (1947); *State of Ill. v. Borg, Inc.*, 95 F.R.D. 7, 8 (N.D. Ill. 1981) (party is obligated to provide information from its lawyer in response to discovery). If Plaintiff and his counsel cannot identify any evidence to support his allegations, then, Plaintiff may say so. If the evidence is mostly circumstantial. . .he may list it. What he may not do, however, is answer requests for specific evidence supporting specific claims by generally describing the complaint's allegations or his theory of liability in broad strokes." *Iglesias v. City of Chicago*, 19 C 6508, Dkt. 174, at 5–6 (N.D. Ill. Jan. 3, 2022).

Further Mingey's interrogatory No. 24 is still deficient because it does not provide dates of Plaintiff's gang membership or names of his fellow gang members. Additionally, Plaintiff's answer to Mingey's interrogatory No. 2 appears to be cut and paste from another case in which Daniel Garcia was murdered. In this case, Plaintiff was convicted of the murder of Jeffery Rhodes. Please confirm this was simply an editing error on Plaintiff's part and that Plaintiff's answer to Interrogatory No. 2 should state "Jeffrey Rhodes" and not "Daniel Garcia."

Lastly, regarding Paulnitsky Interrogatory No. 3, Plaintiff agreed to reduce his 250 disclosed Rule 404 (b) witnesses to a reasonable number. Please advise when Defendants can expect that reduced list so that Defendants can begin discovery on those disclosed witnesses.

As stated in our December 29, 2023 letter the outstanding written discovery addressed above speaks to the heart of the issues here and is necessary for officers to be adequately prepared to sit for their deposition. We understand that you are eager to proceed with depositions, but you must cure the interrogatory deficiencies before we can proceed with the depositions of Defendants.



Counsel
April 10, 2024
Page 3

Finally, as Defendants advised in their December 29 letter, they have withdrawn Sgt. Biebel from their Rule 26(a)(1) disclosures and hope that this will negate the need to re-depose him yet again here. Kindly advise if Plaintiff will withdraw his notice of deposition for Sgt. Biebel considering his withdrawal. And if Plaintiff is not willing to withdraw his notice please advise when you are available for a Rule 37.2 conference to address Plaintiff's desire to depose a withdrawn witness.

We have discussed the deficiencies addressed here and Plaintiff did not correct them. But if the Plaintiff is not willing to address and rectify these deficiencies or would like to discuss them again, please advise and we will make ourselves available for a conference. If Plaintiff is unwilling to address these deficiencies, please confirm we are at an *impasse* so we can seek the Court's assistance.

Very truly yours,

THE SOTOS LAW FIRM, P.C.

Maurice C. Hunt

MCH/tb
cc: all counsel of record