IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHNNY FLORES, | Case No. 1:23-cv-01736 |
| *Plaintiff,* | Hon. John J. Tharp, Jr. |
| v. | Magistrate Jeffrey Cole |
| REYNALDO GUEVARA, et al., | **JURY TRIAL DEMANDED** |
| *Defendants.* | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' DEPOSITIONS**

Plaintiff, JOHNNY FLORES, by his attorneys, hereby respectfully moves this Court to compel Defendants to provide or confirm timely dates for their depositions, all of which were duly noticed by Plaintiff. In support of this motion, Plaintiff states as follows:

**INTRODUCTION**

Pursuant to FRCP 1's mandate to a "just, speedy, and inexpensive" result, Plaintiff has been attempting to depose Defendants Paulnitsky and Mingey. Given that Defendant Guevara is on the Fifth and Defendant Kijowski is deceased, Defendants Paulnitsky and Mingey represent the two most critical witnesses for Plaintiff's case. Plaintiff has sought their depositions for eight months, but these Defendants refuse to appear for their depositions until their objections to Plaintiff's discovery responses are adjudicated.

But Plaintiff has already twice supplemented his discovery responses and, more to the point, Defendants are not entitled to sequence discovery. Fed. R. Civ. P. 26(d)(3). Defendants

should not be allowed to block their own depositions while they depose third-party witnesses. Defendants gain a tactical advantage from learning what other witnesses say before sitting for their depositions, and forcing Plaintiff to depose witnesses before learning what Defendants Paulnitsky and Mingey know. These Defendants should be compelled to appear for their depositions without delay.

For more than eight months, Defendants Paulnitsky and Mingey have refused to sit for their depositions. Defendants Paulnitsky and Mingey have provided specious justifications to delay their depositions. It has become apparent that Defendants seek to obtain a strategic advantage by delaying these crucial defendants' depositions until after the remaining defendants' and witnesses' depositions. This approach will prejudice Plaintiff by denying him access to information from the most critical defendants in the case who are not either on the Fifth (Guevara) or deceased (Kijowski). The Rules prohibit Defendants from refusing to participate in discovery for their strategic and improper purposes, and thus this Court should compel production of Paulnitsky and Mingey to provide or confirm timely dates for their depositions.

The parties conferred over email and telephonically; Plaintiff brings this motion because attempts to reach agreement have failed.

**BACKGROUND AND LOCAL RULE 37.2 STATEMENT**

Plaintiff filed this lawsuit on March 23, 2023. Dkt. 1. On December 14, 2023, Plaintiff served a deposition notice for the depositions of Defendants Mingey and Paulnitsky, as well as third-party officers. Group Ex. A at 1-2 (Email Correspondence). The deposition dates in Plaintiff's notice were reasonably spaced out and set to take place in January and February 2024. In addition, Plaintiff stated that if the dates noticed did not work for Defendants, Defendants should provide alternative dates within the next week. In response, Defendants stated that they needed Plaintiff's supplemented discovery responses and documents from the third parties they

2

had subpoenaed before commencing officer depositions. Ex. B at 1 (12.29.2024 Defs. Letter to Pl.).

On April 1, 2024, after providing supplemental discovery responses and after the production of documents by the third-party subpoena recipients, Plaintiff re-noticed the depositions of Defendants Paulnitsky and Mingey, as well as the third-party officers for various dates in April and May. Group Ex. C at 1 (Email Correspondence). Counsel for Defendants agreed to schedule dates for the two third-party officers whose depositions had been noticed. However, Defendants again objected to proceeding with Defendants Paulnitsky and Mingey's depositions, stating that Plaintiff had failed to supplement their discovery responses to Defendants' satisfaction and that Plaintiff must do so before they would agree to proceed with depositions. Ex. D at 2 (4.10.2024 Defs. Letter to Pl.). Plaintiff supplemented his responses a second time to address Defendants' concerns.

On June 12, 2024, Plaintiff once again noticed Defendants' and the third-party officer depositions for dates in July. *See* Group Ex. E at 1-2 (Email Correspondence). On June 18, 2024, Defendants declared that the parties were at an impasse regarding Plaintiff's discovery responses. Specifically, Defendants stated that Plaintiff had failed to cure their concerns and that Defendants would not sit for their depositions until they did so. *Id.* at 4-5. On August 7, 2024, Defendants filed a motion to compel Plaintiff's further supplementation of his discovery answers. Dkt 79.

Plaintiff and Defendants conferred via telephone on August 20, 2024 at 4:00 pm. During that call, Defendants reiterated that they were not willing to move forward with depositions of Defendants Mingey and Paulnitsky until Plaintiff further supplemented his interrogatory answers. This motion follows.

3

## DISCUSSION

**I.     Continued delay by Defendants Paulnitsky and Mingey of their properly noticed depositions will prejudice Plaintiff.**

Pursuant to Rules 30(a) and (b), Plaintiff is entitled to conduct depositions any time after the discovery period has commenced, provided Plaintiff serves a proper notice of deposition. *See* Fed. R. Civ. P. 30(a), 30(b). Pursuant to Rule 26(d)(3), absent stipulation of court order, "methods of discovery may be used in any sequence" and "discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3). This Court, as with all discovery disputes, has broad discretion in adjudicating motions to compel, and may fashion a ruling appropriate for the circumstances of the case. *Gile v. United Air Lines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996).

Defendants Mingey and Paulnitsky should be compelled to sit for their depositions without further delay. First, Rules 30(a), 30(b), and 26(d)(3) of the Federal Rules of Civil Procedure permit Plaintiff to depose Defendants Paulnitsky and Mingey any time after the discovery period has commenced, provided Plaintiff serves a proper notice of deposition—an obligation Plaintiff indisputably satisfied in December 2023. *See* Group Ex. A. There is no stay in place that would exempt Paulnitsky and Mingey from sitting for their depositions, and they are not allowed to simply help themselves to one by refusing to schedule their depositions.

Second, as set forth in detail above, Plaintiff has made no fewer than three different attempts to schedule Paulnitksy's and Mingey's depositions over the course of eight months and they have refused to appear each time. Such delay should not be permitted. *See Sheehan v. City of Markham*, No. 10-cv-4270, 2012 WL 527629, at *2 (N.D. Ill. Feb. 17, 2012) (setting deposition dates for the defendant officers because "the overall record shows that the plaintiff has been stymied . . . and that counsel for the defendants has plainly not been cooperative in the

4

way and to the degree required by the Federal Rules of Civil Procedure"); *see also Bouto v. Guevara*, No. 19-cv-2441 (N.D. Ill.), at Dkt. 233 (attached as Ex. F) (granting the plaintiff's motion to compel defendant's deposition after defendant's counsel refused to set deposition after repeated requests over four months).

Third, Defendants Paulnitsky and Mingey are the most critical defendants in the case that are available to give testimony. The other two defendants are either on the Fifth (Guevara) or passed away prior to this litigation (Kijowski). Paulnitsky's and Mingey's depositions are crucial, and that is why Plaintiff requested them first, out of all defendant and third-party officer depositions. Group Ex. A at 1. Plaintiff needs the factual information from these two depositions to conduct follow-up discovery and seek any additional documents arising from these depositions. Plaintiff also needs the information from Paulnitsky's and Mingey's depositions to inform the substance of his questioning at other defendant and witness depositions. Should Paulnitsky and Mingey succeed in delaying their depositions from the start of oral discovery to the end of the discovery period, Plaintiff will likely be limited, and thereby disadvantaged, in the time remaining to conduct any necessary follow-up, and will likely be precluded from re-deposing witnesses whose depositions have already proceeded to ask questions based on Paulnitsky's and Mingey's testimony.

Moreover, Plaintiff desires to depose Defendants Paulnitsky and Mingey before they have the opportunity to learn what other defendants and third-party witnesses testify to at their depositions. It is unfair that Defendants Paulnitsky and Mingey are allowed to participate in discovery by, for example, deposing third-party witnesses, but unwilling to sit for their own depositions.

Finally, as time passes, the evidence needed to prove Plaintiff's allegations degrades, due to no fault of Plaintiff's. This is a very real concern in Plaintiff's case. The circumstances resulting in his arrest took place 34 years ago. It took Plaintiff decades to overturn his wrongful conviction and obtain a Certificate of Innocence. As a result, many of the defendants and witnesses in this case are of advanced age. As time goes by, their memories will likely continue to fade or, worse, become unavailable—indeed, one critical defendant has already passed away (Kijowski). Defendants Paulnitsky and Mingey's depositions, and the resulting follow-up discovery that it will lead to, should proceed promptly to avoid prejudice to Plaintiff.

**II. Plaintiff's discovery responses do not provide any basis for delay of Defendants Paulnitsky's and Mingey's depositions.**

The Officers' counsel identify Plaintiff's discovery responses as the sole reason for not producing Defendants Paulnitsky and Mingey for deposition. *See* Group Ex. E at 4-5. This Court should reject this excuse for two reasons.

First, Defendants are not entitled to sequence discovery according to their preferred order. Rule 26 expressly states that "methods of discovery may be used in any sequence," and "discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3); *Love v. Med. Coll. of Wisconsin*, No. 15-cv-650, 2018 WL 11413975, at *1 (E.D. Wis. Feb. 13, 2018) (citing Rule 26(d)(3), denying request for "blanket directive" that all depositions be suspended until certain documents were produced, even where the documents "may be relevant, even 'crucial,' to certain upcoming depositions"). By insisting that written discovery be completed to their satisfaction before beginning depositions, the Officer Defendants are insisting on exactly what the Rules do not permit.

Second, Plaintiff's further supplemented discovery responses, now the subject of a pending motion to compel, will not impact Defendant Mingey's and Paulnitsky's depositions and

6

provide no basis for delay. At the outset, Plaintiff has already supplemented Defendants Mingey and Paulnitsky's discovery responses twice, in line with supplemented discovery responses that defense counsel had previously accepted in other wrongful conviction cases between the parties' firms. Now, in their motion to compel, Defendants point to deficiencies in Plaintiff's responses to contention interrogatories, including identifying every action Defendants took that led to Plaintiff's wrongful conviction, as well as every piece of evidence that supports Plaintiff's claim. Plaintiff has supplemented these interrogatories with all of the information he has at this stage of discovery. Defendants thus present a circular problem: They will not allow Plaintiff to depose Defendants until he has supplemented his interrogatories to their satisfaction, but Plaintiff cannot supplement these contention interrogatories further until after Defendants' depositions.

Even if the Court requires Plaintiff to supplement his discovery responses a third time, it will not alter Defendants' knowledge or the scope of facts that will be covered at their depositions. There is no reason that Defendants cannot be fully prepared for their depositions prior to a ruling, as Defendants' actions in this case are better known to Defendants and their counsel than to Plaintiff and his counsel. And there is no legitimate reason that Defendants Mingey and Paulnitsky's factual answers to questions about their participation in this homicide investigation should differ depending on whether Plaintiff supplements his discovery responses a third time or not.

Put simply, this case is already almost 18 months old, and discovery has been ongoing for more than a year. Plaintiff's case is a discrete one, with only two Defendants to depose (excluding Defendant Guevara) and one eyewitness. To refuse to proceed with Defendants' depositions now serves no purpose other than delay.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court compel Defendant Mingey and Defendant Paulnitsky to appear for their depositions within the next three weeks, or any other relief this Court deems just.

          Respectfully submitted,

          **JOHNNY FLORES**

BY:   /s/ Annie Prossnitz
        *One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Russell Ainsworth
Ruth Z. Brown
Lauren Carbajal
Annie Prossnitz
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900

## **CERTIFICATE OF SERVICE**

      I, Annie Prossnitz, an attorney, hereby certify that on August 21, 2024, I caused the foregoing to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Annie Prossnitz
*One of Plaintiff's Attorneys*
