IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY FLORES, | ) | |
| | ) | |
| **Plaintiffs,** | ) | No. 23 C 1736 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| REYNALDO GUEVARA, et al | ) | |
| | ) | |
| **Defendants** | ) | |

**MEMORANDUM OPINION AND ORDER**

For the following reasons, the plaintiff's motion to compel [Dkt. #84] is denied, and the defendants' motion to compel [Dkt. #79] is granted.

This case was filed back on March 21, 2023. The parties provided competing discovery plans to Judge Tharp on June 23, 2023, disagreeing on the bifurcation of *Monell* discovery, as is usually the case. [Dkt. #34]. Judge Tharp declined to adopt either schedule, stating only that Rule 26(a)(1) disclosures were due by July 24, 2023, and setting no other discovery deadlines. [Dkt. #37]. Discovery bogged down for months over two routine matters: a set of interrogatories and a couple of depositions. It inevitably went completely off the rails in August 2024, with the parties filing four motions totaling about 75 pages with exhibits in a matter of nineteen days. [Dkt. ##79, 81, 82, 84]. The state of things was such that the plaintiff, perhaps in a panic or perhaps simply desperate, filed the same motion before me [Dkt. #83] and before Judge Tharp [Dkt. #85], even though Judge Tharp had referred discovery matters to me a couple of weeks earlier. [Dkt. #80].

As for what all the current fuss is about, it goes back quite a while. Defendant Paulnitsky served a set of interrogatories on the plaintiff over a year ago, on August 29, 2023. Plaintiff's answers were due September 29th, Fed.R.Civ.P. 33(b)(2), but plaintiff didn't respond until October 12th. [Dkt. #79-3]. The

1

answers were something of a "mess" – to put it colloquially – and continued to be so through the plaintiff's first and second tries at supplementation on March 27, 2024 [Dkt. #79-5] and May 9, 2024. [Dkt. #79-2]. The defendant's August 7, 2024 motion to compel asks the court to order the plaintiff to answer interrogatories nos. 1–2, 4–15 properly.

The plaintiff's August 26, 2024 motion to compel concerns the depositions of defendants Paulnitsky and Mingey. The plaintiff noticed those depositions back on December 14, 2023. The defendants refused to sit for those depositions until the plaintiff provided proper response to the interrogatories. The plaintiff, of course, thinks the answers were – or, at least, finally are – fine and demands the depositions go forward arguing, essentially, that the defendants are not entitled to sequenced discovery. That's true enough, *see* Fed.R.Civ.P. 26(d)(3) ("Unless the parties stipulate or the court orders otherwise . . . (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery."), but as the parties couldn't figure this out, they've left it to the court's broad discretion. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Equal Emp. Opportunity Comm'n v. Wal-Mart Stores E., L.P.*, 46 F.4th 587, 601 (7th Cir. 2022). To keep things fair and consistent, we'll simply apply a rule the plaintiff's espoused – successfully given Judge Tharp's ruling –earlier in this case: first to serve, first to get the discovery they want. [Dkt. #56, at 8-9 ("Plaintiff served first, and so should be permitted to question the witnesses first . . . That is the simple principle that Plaintiff seeks to apply here, and on that basis alone the motion should be granted."). Defendants served their interrogatories three months before plaintiff served his deposition notices, so in this instance, we'll say that the defendant is entitled to proper answers before the depositions take place.

As for those answers, as already suggested, they need work. Plaintiff makes a handful of the usual, tiresome, unadorned boilerplate objections that attorneys insist on making but courts consistently decry. *See,e.g., Moran v. Calumet City*, 54 F.4th 483, 497 (7th Cir. 2022); *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015); *Stephenson v. City of Chicago*, No. 21 CV 338, 2024 WL 3252332, at *6 n. 5

(N.D. Ill. July 1, 2024); *Velez v. City of Chicago*, No. 18 C 8144, 2021 WL 3231726, at *1 (N.D. Ill. July 29, 2021); *Ezell v. City of Chicago*, No. 18 C 1049, 2021 WL 2136395, at *7 (N.D. Ill. May 26, 2021). And some of those make little or no sense. Plaintiff's main objection, for example, seems to be that contention interrogatories are inappropriate because they are "being propounded at the outset of discovery, before Plaintiff has had an opportunity to depose many of the relevant witnesses or received discovery responses from Defendants in this case. Contention interrogatories at the outset of litigation are inappropriate."

But, it isn't the "outset of litigation." As the plaintiff himself simply puts it in his own motion to compel, "this case is already almost 18 months old, and discovery has been ongoing for more than a year." [Dkt. #84, at 7]. Defendant Officers have produced over 4,600 pages of records, 34,000 pages of documents from subpoena responses, and responded to scores of plaintiff's interrogatory requests. Plaintiff has produced over 4,700 pages of records. Arguing on one hand that you don't have to comply with your opponent's requests because discovery has barely started, while arguing on the other hand, that discovery has been going on long enough that you can't tolerate any further delays is not a great way to persuade a judge to exercise discretion in your favor.

There *is* a general policy to defer contention interrogatories until discovery is near an end, because earlier on parties are not typically bound by their responses to contention interrogatories, and they should not be obligated to answer contention interrogatories repeatedly as evidence accumulates. *See Ziemack v. Centel Corp.*, No. 92 C 3551, 1995 WL 729295, at *2 (N.D. Ill. Dec. 7, 1995); *United States ex rel. Tyson v. Amerigroup Ill, Inc.*, 230 F.R.D. 538, 542 & n.6 (N.D. Ill. 2005). Nevertheless, courts have discretion to allow use of such interrogatories before discovery is complete. *Wigod v. Wells Fargo Bank, N.A.*, No. 10 C 2348, 2012 WL 13395246, at *2 (N.D. Ill. Nov. 15, 2012); *In re Northfield Labs. Inc. Sec. Litig.*, 264 F.R.D. 407, 412 (N.D. Ill. 2009). And the monkey wrench here is that, as yet there has been no fact discovery deadline set. That's understandable on Judge Tharp's part, as the discovery schedules lawyers propose are generally illusory and are almost always followed by motions – plural – for extensions of time. But, it

should be noted that back in June of 2023, the plaintiff proposed March 15, 2024, as the close of fact discovery. [Dkt. #34]. That date has long since passed. So, the plaintiff talking about waiting until closer to the end of discovery before he identifies some support for his claims – he's had a reasonable opportunity for discovery at this point, *see* Fed.R.Civ.P. 11(b)(3) – is little more than posturing.

The basic idea of contention interrogatories is to require a party to commit to a position and to give support for that position. *Inojosa v. Bd. of Trustees of City Colleges of Chicago, Cmty. Coll. Dist. 508*, No. 20 C 1114, 2021 WL 4461579, at *3 (N.D. Ill. Apr. 12, 2021); *Bouto v. Guevara*, No. 19-CV-2441, 2020 WL 4437669, at *2 (N.D. Ill. Aug. 3, 2020)("The entire purpose of interrogatories is to get opposing parties to identify a specific subset of evidentiary support for their claims and defenses."); *Abernathy v. Vill. of Park Forest*, No. 16 C 2128, 2018 WL 11651217, at *1 (N.D. Ill. Sept. 18, 2018); *Rejdak v. Worthington Cylinders Wisconsin*, LLC, No. 15 CV 9373, 2017 WL 11885185, at *3 (N.D. Ill. Jan. 23, 2017). Contention interrogatories are " 'used to elicit a description of the opposing party's theory and proof to be employed.' " *In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18 C 864, 2019 WL 6498081, at *5 (N.D. Ill. Dec. 3, 2019)(quoting *Tragoszanos v. City of Algoma*, 2011 WL 2650852, at *1 (E.D. Wis. July 6, 2011)); *Lac Courte Oreilles Band of Lake Superior Chippewa Indians of Wisconsin v. Evers*, No. 18-CV-992-JDP, 2020 WL 7055883, at *1 (W.D. Wis. Feb. 7, 2020)("... in response to a proper contention interrogatory, a party must respond by laying out, in general terms, the basis for its litigation positions."); *Gregg v. Local 305 IBEW*, 2009 WL 1325103, at *6 (N.D. Ind. May 13, 2009) ("Contention interrogatories can be classified as questions asking a party to: indicate what it contends or whether the party makes some specified contention[;] ... state all facts or evidence upon which it bases some specific contention; take a position and apply law and facts in defense of that position; or explain the theory behind some specified contention."); *Milwaukee Elec. Tool Corp. v. Chervon N. Am. Inc.*, No. 14-CV-1289-JPS, 2017 WL 2445845, at *1 (E.D. Wis. June 6, 2017)(allowing contention interrogatory "to learn Plaintiffs' legal theories and the factual bases for their ... claims"). So, with due respect to plaintiff's team of lawyers, at this point in

4

the case, a "narrative of Defendants' conduct" [Dkt. #90, at 10] is not what a contention interrogatory is looking for.

And, along those lines, there are some other issues with the plaintiff's answers. For example, the plaintiff makes repeated references to his Complaint throughout his responses and incorporates by reference his response to Interrogatory No. 7. That's not allowed. Interrogatory responses are supposed to stand on their own. *See, e.g., United States ex rel. Gill v. CVS Health Corp.*, No. 18 C 6494, 2024 WL 3028958, at *7 (N.D. Ill. June 17, 2024); *Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA Inc.*, No. 18 C 0825, 2020 WL 1701861, at *7 (N.D. Ill. Apr. 8, 2020)(parties "may not incorporate by reference other interrogatory responses, deposition testimony, or documents except to the extent permitted by Rule 33(d)."); *Ropak Corp. v. Plastican, Inc.*, No. 04 C 5422, 2006 WL 1005406, at *4 (N.D. Ill. Apr. 17, 2006) ("An interrogatory answer should stand on its own, be complete, and not refer to pleadings, depositions, other documents, or other interrogatories, especially when such references make it impracticable to determine whether an adequate answer has been given without [a] cross-checking comparison of answers."). The interrogatories at issue ask specific questions and merit specific answers, not cross references and rambling narratives.

Moreover, not only is it improper to refer to other answers or documents in an interrogatory response, the last thing one should be incorporating by reference is one's Complaint. *See Moran*, 54 F.4th at 497 (calling a response that references allegations "poor discovery practice"). Allegations in a Complaint are not evidence. *Chen v. Yellen*, No. 21-3110, 2023 WL 2967428, at *3 (7th Cir. Apr. 17, 2023); *Brown v. Advoc. S. Suburban Hosp.*, 700 F.3d 1101, 1105 (7th Cir. 2012); *Nisenbaum v. Milwaukee Cnty.*, 333 F.3d 804, 810 (7th Cir. 2003). Further, it makes no sense to argue that the "information relevant to this inquiry is principally in the possession, custody, and control of Defendants." *See, e.g., Former S'holders of Cardiospectra, Inc. v. Volcano Corp.*, No. 12-CV-01535-WHO, 2013 WL 5513275, at *2 (N.D. Cal. Oct. 4, 2013)("That [defendant] may already know the facts is beside the point as the object of contention

interrogatories is to learn what the opposing party will argue at trial, rather than to obtain facts."). It's as if to say, "you know what you did" and puts the burden of proof on the defendants. As for most of this, plaintiff's counsel ought to have known better. See, *Bouto v. Guevara*, No. 19-CV-2441, 2020 WL 4437669, at *2 (N.D. Ill. Aug. 3, 2020) ("The entire purpose of interrogatories is to get opposing parties to identify a specific subset of evidentiary support for their claims and defenses."); *Iglesias v. Guevara*, 19-cv-06508 (N.D. Ill. 2022), [Dkt. 174, at 5]. If the plaintiff doesn't know an answer, he should simply say so. If the plaintiff doesn't have any evidence regarding an answer at this point, he should simply say so. If the evidence is circumstantial, he should say that and list that evidence. Afterall, circumstantial evidence can be as compelling as direct evidence. *Rogers v. MO. Pacific*, 352 U.S. 500, 508 N.17 (1957).

    So, the plaintiff has some work to do. The plaintiff will have twenty-one (21) days to properly supplement his answers to the disputed interrogatories. Ideally, the parties should have a good faith, Local Rule 37.2 meet-and-confer before the plaintiff begins. They haven't done much in that vein, conferring for less than an hour over their two motions in the course of a year and, seemingly, refusing to budge. See [Dkt. #79, at 6,#84, at 3]; see *Fleury v. Union Pac. R.R. Co.*, No. 20 C 390, 2022 WL 17082587, at *1 (N.D. Ill. Nov. 18, 2022)("If two sides are battling over nine separate discovery issues for at least five months, a single phone call does not meet their Local Rule 37.2 obligations."); *W. Bend Mut. Ins. Co. v. Zurich Am. Ins. Co.*, 308 F. Supp. 3d 954, 958B59 (N.D. Ill. 2018)("Chatting for a bit about a dispute.... is not engaging in a good faith meet and confer."); *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *1 (N.D. Ill. 2016)("A single phone call in three months regarding a dispute ... doesn't come close to sufficing."); *Chamberlain Grp. v. Lear Corp.*, 2010 WL 2836975, at *2 (N.D. Ill. 2010)(single face-to-face meeting did not meet the local rule's requirements); see also *Gunn v. Stevens Security & Training Servs., Inc.*, 2018 WL 1737518, at *3 (N.D. Ill. 2018)("A party that steadfastly maintains a position without support is not engaging in a good faith discussion."); *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018)("An ultimatum on one side, met with steadfast

6

defiance on the other, is not a good faith discussion."); *Infowhyse*, 2016 WL 4063168, at *1("... adamantly clinging to the positions with which they began" amounts to a failure "to comply, in good faith, with the requirements of Local Rule 37.2."). And, it has to be said that the defendants should be *reasonable*. They can't ask for every fact and piece of evidence that supports a contention. *United States ex rel. Gill v. CVS Health Corp.*, No. 18 C 6494, 2024 WL 3028958, at *5 (N.D. Ill. June 17, 2024). It is generally enough that a responding party offers the principal or material facts that support its contentions. *See, e.g., Segerdahl Corp. v. Ferruzza*, No. 17-CV-03015, 2018 WL 11199218, at *4 (N.D. Ill. Mar. 9, 2018); *Am. Needle, Inc. v. New Orleans*, No. 04 C 7806, 2012 WL 4327395, at *2 (N.D. Ill. Aug. 17, 2012); *Fox v. City of Austin*, No. 1:22-CV-00835-DAE, 2023 WL 6119383, at *5 (W.D. Tex. Sept. 18, 2023); *Santillan v. Verizon Connect, Inc.*, No. 21CV1257-H-KSC, 2022 WL 428170, at *2 (S.D. Cal. Feb. 10, 2022); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. CV14MD2542VSBSLC, 2020 WL 6290584, at *3 (S.D.N.Y. Oct. 27, 2020). Nothing more than material or principal facts should or will be required from the plaintiff here.

Once that simple task is accomplished, the remaining depositions – it sounds as though there are only three [Dkt. #84, at 7] – can proceed. Whatever is necessary to schedule those depositions should get underway immediately. Fact discovery including depositions should be wrapped up in no more than a handful of weeks, but with no schedule, who knows? As such, the parties shall submit a proposed, *agreed*, tail-end-of-discovery schedule, along with an expert discovery schedule if that's in the offing, in seven (7) days. They should be able to come up with that during their meet-and-confer regarding the plaintiff's answers to the interrogatories at issue.

One more note. Some stridency from the plaintiff and a little indignation from the defendants are seeping through, at least a little, in their discovery submissions. Unfortunately, that is par for the course. One's clients might be "good guys" and they might be "bad guys," but there is no need for stridency in discovery briefs or Rule 37.2 conferences. If you want to pontificate a bit on the quality of your case, do it

in a substantive motion before Judge Tharp or save it for trial, where it might count. It is ineffective and inappropriate here. Counsel might wish to turn the temperature down a bit. It is precisely that which is manifested by this case that has caused judges to be so critical of the discovery process. See e.g. *Rossetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000); *A. H. Robins v. Piccinin*, 788 F.2d 994, 1013 (4th Cir. 1986); *Bond v. Utreras*, 585 F.3d 1061, 1067 (7th Cir. 2009).

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 9/16/24